IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
Southern Division

THE ESTATE OF JASON BRITT
(DECEASED)

&

KATHLEEN BRITT,

    *Plaintiffs,*

v.

AGAPE BAPTIST CHURCH, INC.
d/b/a "Agape Boarding School,"

    *Defendant.*

6:23-cv-3316

COMPLAINT
AND
DEMAND FOR JURY TRIAL

## Introduction

1. Jason Britt (November 2, 1993–February 4, 2022) was physically/sexually abused and tortured during a period of involuntary restraint at the Agape Boarding School – owned and operated by Agape Baptist Church in Stockton, Missouri. In the years following his victimization, the plaintiff suffered from significant mental health problems that tragically ended in suicide.

2. This lawsuit is brought by (a) the estate of Jason Britt – seeking damages for personal injuries Jason britt suffered during and after his time at Agape, and (b) Kathleen Britt, the natural mother of Jason Britt – seeking damages for wrongful death under Missouri law. In support of this complaint, the plaintiffs state and allege as follows:

## The Parties, Jurisdiction, & Venue

3. The Estate of Jason Britt was created under the laws of the State of Idaho, where Jason Britt lived until his death by suicide at the age of 29.[1] Kathleen Britt is the

---

[1] *See* Exhibit A, attached to this complaint and adopted herein.

natural mother of Jason Britt, and she is the only known member of first-class claimants under Missouri's wrongful death statute, RSMo § 537.080.1.

4. The defendant Agape Baptist Church, Inc. ("Agape") is a Missouri not-for-profit corporation, located at 12998 E. 1400 Road Stockton, MO 65785, over which this Court has personal jurisdiction.

5. All of the acts complained of herein occurred within this judicial district, vesting this Court with subject-matter jurisdiction. Some of the plaintiff's claims assert a federal question, while others are state common-law claims over which this Court has supplemental jurisdiction. See 18 U.S.C. §§ 1589, 1591, & 1595. Additionally, the amount in controversy exceeds $75,000.00 and there is complete diversity of citizenship among the parties. See 28 U.S.C. § 1332.

6. Venue is proper in this judicial district under one or more of the following statutes: 28 U.S.C. §§ 1331; 1367; and/or § 1391(b)(1).

## Facts Supporting Claims for Relief

7. The allegations in this lawsuit date back to 2009-2010, when Jason Britt was 16 years old. At that time, Jason Britt was – at the direction of Agape and/or one or more of its agents/employees – awakened in the middle of the night and transported to Agape's unlicensed religious boarding facility. The purpose of this placement was, ostensibly, to provide Jason Britt with education, counseling, and a religious-themed safe haven. In short order, it became evident that Agape provided none of those things; instead, it was a compound for abuse.

8. Once he arrived at Agape, Jason Britt was subjected to sexually-themed abuse, other physical abuse, forced labor, and other forms of mistreatment to which Jason Britt did not consent. Agape's actions against Jason Britt included, but are not limited to, the following heinous acts: (a) shaving Jason Britt's head upon his arrival at Agape; (b) confining Jason Britt in a padded room without windows or light; (c) forcing Jason Britt to take off his clothes to be strip-searched in front of others, and being physically restrained by Agape employees [upon information and belief, Agape employees derived sexual pleasure from these acts]; (d) restraining, pushing, shoving and beating Jason Britt – often causing numbness, tingling, and other physical injuries; depriving Jason Britt appropriate hydration and nutrition; (e) Forcing Jason Britt to exercise and participate in military push-ups until the point of physical exhaustion; (f)

screaming at and otherwise verbally abusing Jason Britt; (g) forcing Jason Britt to stand up against a wall for hours at a time, while reciting Bible passages; (h) monitoring Jason Britt's communication with his family; and forcing him to read aloud his letters, in which he complained of all this mistreatment, and then being physically beaten – or worse – as a consequence. But none of these forms of abuse and torture were even the worst thing that happened to jason britt while he was at Agape.

9. In addition to all the abuse sustained by Jason Britt while at Agape, all of it pales in comparison to the occasion where he was forcibly taken down to the basement, held down, and anally gang-raped by multiple men – both with their penises and a lubricated broom handle. This horrific assault forever changed Jason Britt.

10. For many years prior to Jason Britt's arrival at Agape Boarding School, there were multiple incidents of physical, emotional, and sexual abuse perpetrated by Defendant Agape's agents, servants, and employees against residents at Agape, including acts resulting in criminal sexual abuse charges and convictions, all providing notice to Defendant Agape that its facilities and programs did not provide reasonable protections against such abuses. Despite this knowledge, Defendant Agape failed to implement safety measures designed to protect its residents from such abuses.

11. Defendant Agape had an ongoing duty to protect Jason Britt and others -- children in their care, custody, and control -- from physical or emotional injury.

12. When Jason Britt arrived at Agape Boarding School in 2010, a culture of pervasive physical, emotional, and sexual abuse existed at Agape Boarding School that was not disclosed to the parents of Jason Britt.

13. No hotline calls were made of the abuses by Defendant Agape.

14. Prior to the abuses perpetrated against Jason Britt, Defendant Agape was aware, or should have been aware, due to the numerous prior instances of abuse which had occurred on Defendant Agape's premises, of the inadequacy of Defendant Agape's programs, staffing, and policies, of the dangers of leaving vulnerable residents unattended with other residents, and of the dangers of not having appropriate surveillance equipment on the Agape Boarding School premises. Despite such knowledge, Defendant Agape took no action to protect Jason Britt from abuse and harm.

15. The incidents of abuse occurring to Jason Britt were known by Defendant Agape, but the incidents were not adequately investigated or reported, and no steps were taken to protect Jason Britt from further incidents of abuse. Instead of prevention, Defendant Agape practiced a pattern of punishment designed to conceal and prevent the reporting of such incidents to the appropriate authorities and to prevent knowledge of such incidents being known by the public.

16. Agape had an ongoing duty to protect Jason Britt and others -- individuals in their care, custody, and control -- from physical or emotional injury.

17. Agape -- specifically its owners, supervisors, or persons with decision-making authority -- either knew, or in the exercise of ordinary care should have known, that individuals enrolled in this facility -- including Jason Britt -- were being abused as described herein.

18. Agape failed to exercise proper hiring, training, supervision, and retention policies for its employees -- and also failed to implement policies and procedures to protect Jason Britt and other individuals from abuse.

19. At all times relevant to this complaint, one or more of Agape Boarding School principals (or one or more managerial agents of said principal) authorized the acts of abuse described herein.

20. Additionally, one or more agents/employees of Agape Boarding School was reckless in employing or retaining said agents/employees. Moreover, said agents/employees acted in a managerial capacity and were acting in the scope of employment.

21. One or more of Agape Boarding School principals and/or managerial agents committed, ratified, or approved the abusive treatment of Jason Britt.

22. The acts described in this complaint amount to a breach of Agape's legal duties, and the defendants are thereby negligent.

23. Agape's conduct intentionally harmed Jason Britt without just cause, and Jason Britt was treated with a deliberate and flagrant disregard for his safety.

24. Jason Britt, long after he left Agape, suffered from precipitously deteriorating mental health that was caused by the abuse he suffered at Agape. His mental health problems manifested in an obsession with physical fitness – particularly weightlifting and the ingestion of numerous supplements for the purpose of building muscle. This obsessive behavior was Jason Britt's attempt to strengthen himself to such a degree that he would never again be victimized the way he was at Agape.

25. Jason Britt killed himself on February 4, 2022. His suicide note discussed his abuse/mistreatment at the hand of Agape employees.

26. Jason Britt's mental health probelms and suicide were caused in whole or in part by the acts of Agape described throughout this lawsuit.

## Claims for Relief
## by
## The Estate of Jason Britt

27. The plaintiffs adopt all prior paragraphs of this complaint as if fully set forth under this count.

28. At all times relevant to this complaint, all defendants knowingly benefited financially (including donations, payment for services, and/or other compensation) from participation in a venture which the defendants knew or should have known constituted joint participation is a venture to commit illegal activity under Title 18 of the United States Code, including but not limited to 18 U.S.C. §§ 1589 and 1591.

29. Agape's actions caused Jason Britt to suffer severe physical, psychological, financial, and reputational harm.

30. For the reasons stated under this count, and elsewhere in this complaint, Agape is liable to Jason Britt for the damages requested below.

## Claims for Relief
## by
## Kathleen Britt

31. The plaintiffs adopt all prior paragraphs of this complaint as if fully set forth under this count.

32. Agape's actions – whether intentional or negligent, as alleged above – caused or contributed to cause the death of Jason Britt.

33. Because of the death of Jason Britt, caused by the acts of Agape, Kathleen Britt has suffered--and will continue to suffer--losses and damages, including but not limited to: (a) funeral expenses, (b) the reasonable value of Jason Britt's services, and (c) the loss of Jason Britt's consortium, companionship, comfort, instruction, guidance, counsel, training, and support.

34. Kathleen Britt has suffered all damages cognizable and recoverable under RSMo § 537.090.

## Prayer for Relief

35. For all the reasons stated in this complaint, the plaintiffs pray that this Court will enter judgment against the defendant – in their favor under all counts of this complaint – and award the plaintiffs actual, compensatory, and punitive damages in such fair and reasonable amounts to be determined at trial; prejudgment interest, as allowed by law; reasonable attorneys' fees and costs to bring and maintain this lawsuit; injunctive relief -- or other appropriate equitable relief; and for such other relief as this Court deems just and proper.

## Demand for Jury Trial

36. The plaintiffs respectfully demand a trial by jury. **Fed. R. Civ. P 38**.

Respectfully submitted,

*/s/ Jarrett A. Johnson*

Gerald F. McGonagle, Mo. Bar # 39480
Jarrett Aiken Johnson, Mo. Bar # 42481
McGONAGLE SPENCER JOHNSON LLC
4505 Madison Avenue
Kansas City, Missouri 64111
816-221-2222
jarrett@mcgonaglespencer.com


Rebecca M. Randles, Mo. Bar # 40419
Randles Mata, LLC
851 NW 45th Street–Suite 310
Kansas City, MO 64116
816-931-9901
rebecca@randlesmatalaw.com


ATTORNEYS FOR PLAINTIFF