IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN BRITT, individually and<br>As the Surviving Parent of Jason Britt, and<br>As Personal Representative on behalf of<br>JASON BRITT, deceased<br><br>                  **Plaintiffs,**<br><br>   v.<br><br>AGAPE BAPTIST CHURCH INC., d/b/a<br>AGAPE BOARDING SCHOOL,<br>JULIO SANDOVAL, *individually and in his*<br>*role As Dean of Students for Agape Boarding*<br>*School,*<br>SAFE, SOUND AND SECURE YOUTH<br>MINISTRIES, INC.,<br>BRENT JACKSON, *Individually and in his role*<br>*as Vocational Director and Staff Member for*<br>*Agape Boarding School,*<br>SCOTT DUMAR, *Individually and in his role*<br>*as Medical Director, Member of the Board of*<br>*Directors and Staff Member for Agape Boarding*<br>*School,*<br>JON WILKE, *Individually and in his role as*<br>*Staff Member for Agape Boarding School,*<br>DAVID WILSON, *Individually and in his role*<br>*as Staff Member for Agape Boarding School,*<br>ROBERT GRAVES, *Individually and in his*<br>*role as Staff Member at Agape Boarding School,*<br>*and Individually and as Deputy Sheriff for*<br>*Cedar County, State of Missouri,*<br>CEDAR COUNTY SHERIFF'S<br>DEPARTMENT,<br>JAMES "JIMBOB" McCRARY, SHERIFF, in<br>his Individual and Official Capacity,<br><br>                  **Defendants.** | **Case Nos.:   6:23-cv-03316-MDH** |

1

## ORDER

Before the Court is Defendants Agape Baptist Church, Inc., ("Agape"), Julio Sandoval, Brent Jackson, and Jon Wilke's (collectively "Agape Defendants") Motion to Dismiss for Failure to State a Claim (Docs. 49). Additionally, before the Court is Defendant Cedar County Sheriff's Department, James "JimBob" McCrary and Cedar County's (collectively "Cedar County Defendants") Motion to Dismiss (Doc. 51). For reasons herein, Agape Defendants and Cedar County Defendants' Motions are **GRANTED** in **PART** and **DENIED** in **PART**.

## BACKGROUND

This is a wrongful death action brought by Plaintiff Kathleen Britt who is the mother of Jason Britt ("Decedent"). She brings this suit, individually and as personal representative of the estate of Decedent, against Agape Boarding School ("Agape"), those with leadership positions at Agape, members of the Cedar County Sheriff's Department, the Cedar County Sheriff's Department, and Cedar County itself. Plaintiff is a resident of Idaho and Decedent's estate was opened in Idaho. All Defendants are citizens of Missouri.

Defendant Agape was a non-profit organization with its principal place of business in Stockton, Missouri. Decedent attended Agape at the age of 16. Plaintiff alleges that Decedent was brutalized by Defendants Jackson, Sandoval, and Wilke. Plaintiff claims Decedent was held down and a broom/mop handle was inserted into Decedent's rectum. After Decedent left Agape, he allegedly developed an interest in weightlifting to protect himself from sexual assault. It is claimed Decedent used steroids, developed a drug addition, post-traumatic stress disorder, depression, anxiety and suicidal tendencies. Decedent died from multi-organ failure due to steroids, testosterone, high blood pressure and anxiety coupled with the drug addiction. Plaintiff asserts Decedent's death was a direct result of the abuses he suffered at Agape.

2

Plaintiff alleges that the Cedar County Sheriff's Department and those associated with it were aware of reports of abuse happening at Agape during this period and that Cedar County itself, through the Sheriff's Department, had on occasion taken actual custody and supervision of the students after learning of abuses. Plaintiff further alleges no one at the Sheriff's Department reported those abuses and continued to return students back to Agape without remedial action. Defendants Sandoval and Graves allegedly worked both at Agape and as members of the Sheriff's Department.

Plaintiff Second Amended Complaint ("Complaint") alleges ten counts. Count One and Two are wrongful death actions premised on childhood sexual abuse; Count Three is an action under the Federal Trafficking Victims Protection Act, Counts Four through Six are wrongful death actions premised on negligence, Count Seven is a wrongful death action premised on fraud and fraudulent misrepresentation, Count Eight is a § 1983 claim, Count Nine is a lost chance of survival claim, and Count Ten is titled as a claim of relief. Agape Defendants make arguments to dismiss Counts One through Nine. Cedar County Defendants make arguments to dismiss Cedar County Sheriff's Department and Counts Seven through Ten of Plaintiff's Complaint. The Court will take each in turn.

**STANDARD**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative

3

level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Plaintiff's complaint asserts multiple counts of negligence and intentional acts against multiple defendants resulting in the wrongful death of Jason Britt. Although there can be multiple theories upon which a wrongful death action may be pursued, and it may be pursued against multiple defendants. Missouri statutes allow only one claim and one recovery for the death of any person. The damages recoverable are statutorily defined as specified damages suffered by the plaintiffs because of the death. The statute of limitations for a wrongful death action is 3 years from the date of death.

Missouri law also authorizes that in certain circumstances there can be a recovery of damages for which the defendants would have been liable if the claim had been pursued by the deceased if death had not ensued. The statute of limitations which would have applied to any claim by the deceased against the defendants had his death not ensued would have been 5 years. Plaintiff's complaint was filed within 3 years of the death of Jason Britt. To the extent Plaintiff can demonstrate a causal relationship between Defendants' actions and the death she may pursue a wrongful death action. However, prior to the Decedent's death the statute of limitations expired on claims which the deceased could have pursued against the defendants. Any claim for the damages the deceased suffered is barred. Plaintiff may pursue a claim only for the damages Plaintiff incurred

4

as a read result of the death of Jason Britt. Plaintiff may not pursue a claim for damages which Jason Britt suffered during his lifetime because of the expiration of its statute of limitations on their claims. Regardless of the theory of negligence Plaintiff pursues they may only recover if able to prove the causal link between the Defendants conduct and the death of Jason Britt and then may only recover for the statutorily authorized damages which they can demonstrate they suffered resulting from the death.

## I.  Count One - Childhood Sexual Abuse Against Defendants Sandoval, Jackson, Wilke, Graves, Dumar, and Wilson

Count One is a wrongful death action premised on the alleged intentional physical assault and sexual conduct and contact of Decedent against Defendants Sandoval, Jackson, Wilke, Graves, Dumar and Wilson. Plaintiff brings this cause of action under Missouri's wrongful death statute Missouri Revised Statute ("Mo. Rev. Stat.") § 537.080. Plaintiff alleges in Count One that "the conduct of Sandoval, Wilke, Graves, Dumar, Jackson and Wilson caused or contributed to cause Jason Britt's death." (Complaint ¶ 90). The wrongful death statute is to be the sole source of a cause of action in Missouri where the injuries sustained by the decedent were the result of decedent's death. *Andrews v. Neer*, 253 F.3d 1052, 1058 (8th Cir. 2001).[1] Mo. Rev. Stat. § 537.080 defines an action for wrongful death and who may sue. Mo. Rev. Stat. § 537.080 states in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensured, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, *would have been liable if death had not ensued* shall be liable

---

[1]Mo. Rev. Stat. § 537.020 authorizes the survival of claims that arise from non-fatal personal injures where the injured party later dies of unrelated clauses. However, Plaintiff has alleged that the conduct of Defendants in this Count caused or contributed to Decedent's death which would render § 537.020 inapplicable in this action. (Complaint ¶ 90).

in action for damages, notwithstanding the death of the person injured, which damages may be sued for by the spouse or children or the surviving lineal descendants of any deceased children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive.

Mo. Rev. Stat. § 537.080.1(1) (emphasis added). Plaintiff is the mother of the deceased and thus may bring Count One as an action for wrongful death. Taking all the allegations of the Complaint as true Plaintiff has raised a right to relief above a speculative level as to Defendants Sandoval, Jackson, and Wilke.  Plaintiff alleges that Decedent was a minor, 16 years of age, when the abuse occurred. (Complaint ¶ 27). The Complaint further alleges that Defendant Jackson took Decedent to another room where Defendants Wilke and Sandoval held Decedent down and one of the three Defendants then used a broom/mop handle and shoved it into Decedent's rectum. (Complaint ¶¶ 48 and 49). This act allegedly caused or contributed to cause the death of Decedent (Complaint ¶¶ 90 and 93). These allegations, if taken as true, would raise a right to relief above a speculative level. For the following reasons, the Agape Defendants' Motion to Dismiss Count One is **DENIED** as it relates to Defendants Sandoval, Jackson and Wilke.

However, Plaintiff has failed to state with particularity how Defendants Graves, Dumar, and Wison were direct participants in the alleged intentional abuse of Decedent. For those reasons, the Court finds Agape Defendants' Motion to Dismiss on Count One as it relates to Defendants Graves, Dumar, and Wilson is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint to include how Defendant's Graves, Dumar, and Wilson were direct participants in the alleged abuse of Decedent. Any such amendment shall be filed within 20 days of this Order.

## II.  Count Two - Childhood Sexual Abuse Against Defendant Agape

6

Count Two is a wrongful death action premised on the alleged childhood sexual abuse of Decedent against Defendant Agape. Agape Defendants argue Defendant Agape must be dismissed for failure to state a claim because Agape, as a non-perpetrator, cannot be held liable under a theory of childhood sexual abuse.

The doctrine of respondeat superior holds an employer liable for torts committed by its employees or agents while they are acting within the scope of employment. Liability may still result although the employer did not command, authorize, or direct the tortious behavior. *See M.N by and Through S.N. v. North Kansas City School District*, 597 S.W.3d 786, 376 Ed. Law Rep. 812 (Mo. Ct. App. W.D. 2020); *Noah v. Ziehl*, 759 S.W.2d 905 (Mo. Ct. App. E.D. 1988). For intentional torts to trigger respondeat superior, Missouri courts focus on the employee's conduct at the time of the tort. *Tashman v. Advance Auto Parts, Inc.*, 63 F.4th 1147, 1154 (8th Cir.), *cert. denied*, 144 S. Ct. 279, 217 L. Ed. 2d 126 (2023). Missouri courts focus on the employee's conduct at the time of the tort. *Id*. When the tortfeasor acts to harm the victim, not to benefit the employer, intentional torts are not within the scope of employment. *Id*.

Here, Plaintiff alleges that Defendants Sandoval, Wilke, Graves, Dumar, Jackson and Wilson engaged in physical assault and sexual conduct upon Decedent while acting within the course and scope of employment with Agape. (Complaint ¶ 97). While it is unclear there is sufficient evidence to hold Agape liable for the alleged intentional torts of employees, there are sufficient allegations that Plaintiff may attempt to prove her claim for Count Two. For the reasons stated, Agape Defendants' Motion to Dismiss Count Two is **DENIED**.

### III.    Count Three - TVPA Claim

7

Count Three is a federal claim arising under the federal Trafficking Victims Protection Act ("TVPA"). The TVPA is an act to combat trafficking of persons, especially into the sex trade, slavery, and slavery-like conditions, in the United States and countries around the world through prevention, through prosecution and enforcement against traffickers, and through protection and assistance to victims of trafficking. *Aguilera v. Aegis Commc'ns Grp.*, LLC, 72 F. Supp. 3d 975, 978 (W.D. Mo. 2014). Plaintiff brings this action against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Jackson, Dumar, Wilke, Wilson and Graves alleging Defendants placed Decedent in a condition of peonage, worked him by lawless methods against his will, and obtained labor or services through means of force, serious harm, and threatened abuse. (Complaint ¶¶ 109-113). Defendants argue that the statute of limitations under the TVPA has run and thus Plaintiff states a claim upon which relief cannot be granted.

The TVPA statute creates a 10 year statute of limitations as shown below:

> No action may be maintained under subsection (a) unless it is commenced not later than the later of (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

18 U.S.C. § 1595(c). Agape Defendants contend that Decedent had 10 years after reaching the age of 18 to file his TVPA claim. The Decedent turned 29 on November 2, 2021. The initial Complaint was filed on October 11, 2023, almost two years after the statute of limitation expired.

If Congress explicitly establishes a time limit for enforcing a right which it created, the limitation is definitive. *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S. Ct. 582, 584, 90 L. Ed. 743 (1946). Defendants are correct that Decedent would have had to bring this claim prior to his 29th birthday on November 2, 2021 based on the plain language of 18 U.S.C. § 1595(c). As

Decedent failed to do so this claim is barred by the statute of limitations. For these reasons, Agape Defendants' Motion to Dismiss Count Three is **GRANTED**.

## IV.     Count Four - Negligence

Count Four is another theory of wrongful death based on negligence. While there can be multiple theories of wrongful death, Missouri statutes allow only one claim and one recovery for the death of any person. Plaintiff's Count Four brings a wrongful death claim premised on negligence alleging Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Jackson, Dumar, Wilke, Wilson and Graves breached their duty to protect Plaintiff when they failed to protect Plaintiff from the sexual abuse, physical abuse, neglect and misfeasance. (Complaint ¶ 125). Agape Defendants argue that there is a 5-year statute of limitation of negligence claims in Missouri and that Plaintiff's negligence claims are barred as of November 2, 2019, four years after Plaintiff filed her action.

"Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue[.]" Mo. Rev. Stat. § 537.100. Plaintiff is bringing this as a wrongful death claim. The cause of action in a wrongful death action is measured from the time of Decedent's death. Decedent died in February 2022 and Plaintiff has brought her action on October 11, 2023, well within the statute of limitation. Plaintiff is allowed to proceed with Count Four so long as she can demonstrate the death of Decedent was a direct result of Defendant's negligence. For the reasons stated, Agape Defendants' Motion to Dismiss on Count Four is **DENIED**.

## V.     Count Five – Negligent Hiring, Supervision, Retention, and Failure to Warn

Count Five is another theory of wrongful death based on negligence. While there can be multiple theories of wrongful death, Missouri statutes allow only one claim and one recovery for

9

the death of any person. Plaintiff's Count Five brings a wrongful death claim premised on negligent hiring, supervision, retention, and failure to warn against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Jackson, Dumar, Wilke, Wilson, Graves, McCrary and Cedar County. Agape Defendants argue that there is a 5-year statute of limitation of negligence claims in Missouri and that Plaintiff's negligence claims are barred as of November 2, 2019, roughly four years after Plaintiff filed her action.

As mentioned above, the statute of limitations for a wrongful death action is three years after the death of Decedent. Plaintiff has filed her action within the timeframe and thus there is no statute of limitation issues if Plaintiff can establish a causal relationship between the negligent hiring, supervision, retention, and failure to warn of Defendants and Decedent's Death. However, Plaintiff fails to state a claim upon which relief can be granted as to Defendant McCrary. Plaintiff alleges that Defendants Cedar County and McCrary by and through their agents knew or reasonably should have known of its employees' and agents' dangerous and exploitative propensities and/or that they were unfit agents. (Complaint ¶ 138). Plaintiff alleges that despite such knowledge Defendant McCrary negligently hired, retained and/or failed to supervise them in positions of trust and authority as staff members. *Id*. However, Plaintiff only makes vague statements as to Defendant McCrary's actual knowledge during the time at issue. Plaintiff never establishes when Defendant McCrary because aware of and "investigated reports of abuse at Agape outside of "during his tenure with the Sheriff's Department". (Complaint ¶ 23). Defendant McCrary did not become Sheriff of Cedar County until 2017, and the events of this case occurred from 2009-2010. The Complaint contains inadequate allegations as it relates to Defendant McCrary. For the reasons stated, Agape Defendants' Motion to Dismiss Count Five as it relates to Defendants McCrary is **GRANTED**.

10

As Count Five relates to Defendants Agape, Sandoval, Safe, Sound & Secure Ministries, Inc., Jackson, Dumar, Wilke, Wilson, Graves, and Cedar County, it is allowed to proceed so long as Plaintiff can demonstrate the death of the Decedent was a direct result of Defendants negligent hiring, supervision, retention, and failure to warn. Plaintiff sufficiently alleges that Defendants failed to provide reasonable supervision of staff members, failed to use reasonable care in investigating, hiring, retaining, and supervision of its staff members. (Complaint ¶ 131). Plaintiff further alleges that as a direct result of the conduct of Agape and staff defendants Plaintiff lost her son. (Complaint ¶ 133). For the reasons stated, Agape Defendants' Motion to Dismiss on Count Five as to Defendants Agape, Sandoval, Safe, Sound & Secure Ministries, Inc., Jackson, Dumar, Wilke, Wilson, Graves and Cedar County is **DENIED**.

## VI. Count Six – Negligent Failure to Supervise Children

### a. Defendants Other Than Cedar County Sheriff's Department

Count Six is another theory of wrongful death based on negligence. While there can be multiple theories of wrongful death, Missouri statutes allow only one claim and one recovery for the death of any person. Plaintiff is attempting to prove a negligent failure to supervise children claim when Plaintiff herself is not entitled to recovery. A wrongful death claim stems as an individual right to recovery for the Plaintiff, not a beneficiary right to recover through Decedent. The following quote highlights the difference.

> The cause of action for wrongful death: '[is] not transmitted to plaintiffs by way of the survival of any right of action which the deceased himself might have exercised if he had lived, but instead [is] a new and distinct cause of action created purely by statute, which sprang into being and accrued to plaintiffs as the designated beneficiaries at the moment, but not until the moment, that the death of the deceased occurred.

*Sennett v. Nat'l Healthcare Corp.*, 272 S.W.3d 237, 244 (Mo. Ct. App. 2008) (quoting *American Family Mut. Ins. Co. v. Ward*, 774 S.W.2d 135, 136–37 (Mo. banc 1989). Plaintiff may not now assert a claim seeking a remedy based on the failure to supervise children. Plaintiff may only seek a remedy regarding the wrongful death of her son. Thus, this claim as a wrongful death action under a theory of negligent failure to supervise children against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Jackson, Dumar, Wilke, Wilson, Graves, McCrary, Cedar County Sheriff's Department and Cedar County, Missouri. Plaintiff alleges staff Defendants, Graves, Wilke, Wilson, Sandoval, Dumar, and Jackson each had a duty to protect Decedent and breached their duty. (Complaint ¶ 148). Agape Defendants argue that the statute of limitations for a negligence claim is five years, and the statute of limitations would have run on this claim on November, 9, 2019 barring Plaintiff from recovery. Cedar County Defendants Argue Cedar County Sheriff's Department is not a suable entity and should be dismissed.

As mentioned above, the statute of limitations for a wrongful death action is three years after the death of Decedent. Plaintiff has filed her action within the timeframe and thus there is no statute of limitation issues if she could demonstrate a causal link between Defendants negligence and Decedent's death. However, Plaintiff has failed to allege facts, when taken as true, would raise a right to relief above a speculative level regarding Defendants Safe, Sound & Secure Youth Ministries, McCrary, and Cedar County, Missouri. Plaintiff's Complaint makes no mention of how Defendants Safe, Sound & Secure Youth Ministries, McCrary, and Cedar County, Missouri had a duty to supervise Decedent while at Agape. Plaintiff thus fail to state a claim upon which relief can be granted. For the reasons stated, Agape Defendants' Motion to Dismiss on Count Six as it relates to Defendants Safe, Sound & Secure Youth Ministries, Inc., McCrary, and Cedar County, Missouri is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended

complaint to include how Defendants Safe, Sound & Secure Youth Ministries, McCrary, and Cedar County had a duty to supervise Decedent while at Agape. Any such amendment shall be filed within 20 days of this Order.

As Count Six relates to Defendants Agape, Sandoval, Jackson, Dumar, Wilke, Wilson, and Graves it is sufficient to proceed so long as Plaintiff can demonstrate the death of the Decedent was a direct result of Defendants failure to supervise Decedent. Plaintiff sufficiently alleges that staff Defendants each had a duty to supervise Decedent but breached those duties to protect and supervise Decedent by engaging in grooming activities, boundary violations, physical, emotional and sexual abuse of the minor Decedent. (Complaint ¶ 148). Plaintiff further alleges that as a direct result of the conduct of Defendants, Plaintiff lost her son. (Complaint ¶ 151). For the reasons stated, Agape Defendants' Motion to Dismiss on Count Six as to Defendants Agape, Sandoval, Jackson, Dumar, Wilke, Wilson, and Graves is **DENIED**.

### b. Cedar County Sheriff's Department

The Cedar County Sheriff's Department is not a suable entity. A local governmental entity, such as a county sheriff's department, which lacks the capacity to be sued under the applicable state law may not be sued in federal court under the provisions Federal Rule of Civil Procedure 17. *Catlett v. Jefferson Cnty.*, 299 F. Supp. 2d 967, 968–69 (E.D. Mo. 2004) (quoting *Dean v. Barber,* 951 F.2d 1210 (11th Cir.1992)). The Missouri Supreme Court has held that departments of a municipality cannot be sued unless statutory authorization to sue and be sued has been given to the departments:

> The health department, water department, sewer department, or any other department or utility of a city, unless expressly made suable by statute, cannot be sued either on a contract or for a tort; and this for the reason that if liability exists,

13

the city itself is the party liable, and not the particular department the conduct of which gave rise to the cause of action.

*American Fire Alarm Co. v. Board of Police Comm'rs of Kansas City*, 285 Mo. 581, 227 S.W. 114, 116 (1920). The Court finds no statutory authorization for the Cedar County Sheriff's Department to sue or be sued. For these reasons, Cedar County Defendants' Motion to Dismiss Defendant Cedar County Sheriff's Department on Counts Six, Seven, Eight, Nine, and Ten is **GRANTED**. Defendant Cedar County Sheriff's Department is dismissed from this case.

## VII.     Count Seven – Fraud and Fraudulent Misrepresentation

Plaintiff brings a wrongful death action under a theory of fraud and fraudulent misrepresentation against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Jackson, Dumar, Wilke, Wilson, Graves, McCrary, and Cedar County, Missouri. Both Agape and Cedar County Defendants argue Plaintiff has failed to allege sufficient details or allegations of fraud with sufficient particularity to support her claim and the applicable statute of limitations has run for a fraud claim. Additionally, Cedar County Defendants argue that Defendant McCrary is entitled to official immunity and that Defendant Cedar County is entitled to sovereign immunity.

As mentioned above, the statute of limitations for a wrongful death action is three years after the death of Decedent. Plaintiff has filed her action within the timeframe and thus there is no statute of limitation issues. "In alleging fraud or mistake, a party must state with particularity the circumstance constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Plaintiff has particularly pleaded a fraudulent misrepresentation claim against Defendants Agape and Sandoval. Plaintiff alleges that Agape made false material representations regarding the experience her son would have while attending Agape. (Complaint ¶ 157). Plaintiff further alleges Defendant Sandoval made false

14

material representations in promising to transport children in a manner that was safe and compassionate. (Complaint ¶ 165). For the reasons stated, Agape Defendants' Motion to Dismiss Count Seven as it relates to Defendants Agape and Sandoval is **DENIED**.

Plaintiff has failed to plead with particularity her claims as they relate to Defendants Safe, Sound & Secure Youth Ministries, Inc., Jackson, Dumar, Wilke, Wilson, and Graves. Nowhere in Plaintiff's Complaint does she allege what specific statements any of these Defendants said that would lead to a claim of fraud or fraudulent misrepresentation. Plaintiff's Count Seven regarding these Defendants fail to allege a claim upon which relief can be granted. For the reasons stated, Agape Defendant's Motion to Dismiss Count Seven as to Defendants Safe, Sound & Secure Youth Ministries, Inc., Jackson, Dumar, Wilke, Wilson, and Graves is **GRANTED**.

Defendant McCrary is entitled to official immunity. Official immunity is a judicially created doctrine that protects public employees from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008). However, torts committed when acting in a ministerial capacity are not protected by official immunity. *Id*. A discretionary act requires the exercise of reason and discretion in determining how or whether an act should be done or coursed pursued. *Id*. A ministerial function is one "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." *Id* (quoting *Kanagawa v. State*, 685 S.W.2d 831, 835 (Mo. banc 1985), *overruled on other grounds by Alexander v. State*, 756 S.W.2d 539 (Mo. banc 1988).  To determine whether an act is discretionary or ministerial is made on a case-by-case basis, considering: (1) the nature of the public employee's duties; (2) the

15

extent to which the act involves policymaking or exercise of professional judgment; and (3) the consequences of not applying official immunity. *Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008).

Here, Plaintiff alleges that Defendant McCrary received reports of abuse occurring at Agape, failed to investigate claims of abuse, returned kids who ran away, and did not report these incidents to the Children's Division. (Complaint ¶ 167). The nature of the Defendant McCrary's position is inherent with discretionary acts that require the exercise of reason and discretion.[2] Plaintiff's Complaint alleges he failed to investigate claims and return kids to Agape. That by its very nature requires the exercise of reason and discretion as to whether to follow up and investigate a claim. By not applying official immunity in this case would be contrary to precedent set under Missouri law. *See Southers v. City of Farmington*, 263 S.W.3d 603, 610 (Mo. 2008). Defendant McCrary's acts were discretionary for the purposes of official immunity. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count Seven as it relates to Defendant McCrary is **GRANTED**.

Lastly, Cedar County Defendants argue that Cedar County is entitled to sovereign immunity on Count Seven and that it should be dismissed. "[S]overeign immunity applies to the government and its political subdivisions unless waived or abrogated or the sovereign consents to suit." *City of Harrisonville v. Bd. of Trustees of Mo Petroleum Storage Tank Ins. Fund*, 655 S.W.3d 770, 774 (Mo. 2022) (citing *Metro. St. louis Sewer dist. v. City of Bellefontaine Neighbors*, 476 S.W.3d 913, 921 (Mo. banc 2016). Liability of a public entity is the exception to the general rule

---

[2] Mo. Rev. Stat. § 210.115 creates a duty to report to the Children's Division of the Missouri Department of Social Services when any person with responsibility for the care of children has reasonable cause to suspect that a child has been or may be subjected to abuse. However, under Missouri law this duty is considered discretionary and not ministerial, giving rise to official immunity in this case. See K.B. v. Waddle, 764 F.3d 821, 825 (8th Cir. 2014).

and a plaintiff must plead specific facts showing his claims are within the exception. *Blair v. City of Hannibal*, 179 F. Supp. 3d 901, 908 (E.D. Mo. 2016). Plaintiff has not alleged that exception as to why Defendant Cedar County, Missouri should not be entitled to sovereign immunity on Count Seven. For the reasons stated, Cedar County Defendants' Motion to Dismiss Count Seven as it relates to Defendant Cedar County is **GRANTED**.

## VIII.   Count Eight - Section 1983 Claim

Count Eight is brought under federal statute 18 U.S.C. § 1983. Plaintiff brings this count against Cedar County Sheriff's Department and Defendants McCrary, Graves, and Sandoval acting on behalf of the Cedar County Sheriff's Department. Agape and Cedar County Defendants argue that the 1983 claim is subject to the general 5-year statue. Cedar County Defendants additionally argue Plaintiff fails to state a claim against Defendants McCrary and Cedar County, and that Defendant McCrary is entitled to qualified immunity.

### A.        Statute of Limitations on a Section 1983 Claim Upon the Death of Decedent

Whether a § 1983 claim survives the death of the alleged victim is a question of federal law. *Childs v. Brummett*, No. 4:20-00814-CV-RK, 2021 WL 5702431, at *1 (W.D. Mo. Dec. 1, 2021). To determine whether § 1983 claims survive the injured party's death, we must look at 42 U.S.C. § 1988. The Civil Rights Act does not contain a survivorship rule but does recognize that in certain areas, "federal law is unsuited or insufficient 'to furnish suitable remedies[.].'" *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978) (citing 42 U.S.C. § 1988). In these situations, the Court will look at the common law, as modified and changed by the constitution and statutes of the state wherein the court having jurisdiction. 42 U.S.C. § 1988. *See Childs v. Brummett*, No. 4:20-CV-RK, 2021 WL 5702431 (W.D. Mo. Dec. 1, 2021); *Robertson v. Wegmann*, 436 U.S. 584,

17

588 (1978). Since Plaintiff is alleging "as a direct result of the conduct of all Defendants, Plaintiff lost her son" (Complaint ¶ 188) we turn to Missouri's wrongful death statute as the pertinent survivorship statute.

"Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue[.]" Mo. Rev. Stat. § 537.100. The cause of action is measured from the time of Decedent's death. Decedent died in February 2022 and Plaintiff has brought her action on October 11, 2023, well within the statute of limitation. Plaintiff is allowed to proceed with Count Eight so long as she can demonstrate the death of Decedent was a direct result of the abuse alleged in Count Eight. For the reasons stated, Agape and Cedar County Defendants' Motion to Dismiss Count Eight based on the statute of limitations is **DENIED**.

## B. Defendant McCrary

Cedar County Defendants argue Plaintiff has failed to state a claim against Defendant McCrary. Additionally, Cedar County Defendants argue Defendant McCrary is entitled to qualified immunity and thus Count Eight should be dismissed. Plaintiff is suing Defendant McCrary in both his individual and official capacity. As such the Court must analyze the § 1983 claim based on Defendant McCrary's individual capacity and his official capacity.

### i. Individual Capacity

Suits against officials in their individual capacity seek to impose personal liability upon a government official for actions he takes under color of state law. *Williston v. Vasterling*, 536 S.W.3d 321, 337 (Mo. App. W.D. 2017). "To establish liability, the plaintiff must show that the official, acting under color of state law, caused a deprivation of a federal right." *Handt v. Lynch,* 681 F.3d

939, 943 (8th Cir. 2012) (citing *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985)).

Plaintiff's Complaint alleges only "[Decedent] was deprived of rights secured by the United States [C]onstitution and the laws of the United States." (Complaint ¶ 181). Nowhere in the Complaint does it allege where Defendant McCrary, acting under color of state law, caused a deprivation of a federal right to Decedent resulting in his death. For those reasons, the Court finds Cedar County Defendants' Motion to Dismiss on this claim is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint to include how Defendant McCrary specifically caused a deprivation of a federal right to Decedent. Further, the amended complaint should include the specific right of Decedent that was allegedly violated by Defendant McCrary. Any such amendment shall be filed within 20 days of this Order.

### ii.    Official Capacity

A § 1983 action against an individual in his or her official capacity is equivalent to a claim against the entity itself, requiring proof that an official custom or policy led to a constitutional deprivation. *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991). The Complaint alleges:

> Sheriff McCrary took no action regarding the inherent conflict of interest that existed as his employees were some of the same individuals who had reports of abuse made against them. No effective actions were taken regarding the reports of abuse. Sheriff McCrary maintained a policy or practice of refusing to investigate and/or report allegations of abuse at Agape, returning children to the school for further abuse. Sheriff McCrary failed to train his officers and deputies causing foreseeable harm to these children.

(Complaint ¶ 23). This allegation gives no indication when Defendant McCrary became aware of and investigated reports of abuse or what position he held when doing so. Because of the unclear nature of the pleading, it is hard to ascertain whether a § 1983 claim can be made against

19

Defendant McCrary. More importantly, Defendant McCrary was not Sheriff of the Cedar County Sheriff's Office while the Decedent was located in the facility.

After reviewing the allegations contained in the Complaint the Court finds Cedar County Defendants' Motion to Dismiss on this § 1983 claim in Defendant McCrary's official capacity is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint to include specifically what policy or custom Plaintiff alleges led to the deprivation of Decedent's constitutional rights. The amended complaint should detail when Defendant McCrary became aware of reports of abuse, his investigations into the abuse, and what role he was in during the relevant period Decedent was at Agape. Additionally, the amended complaint should detail what responsibilities Defendant McCrary had during the time Decedent was at Agape, and if Defendant McCrary had supervision of the students at Agape during that time. Any such amendment shall be filed within 20 days of this Order.

### C. Defendant Cedar County

Cedar County Defendants argues that Sandoval and Graves engaged in the sexual assault of Decedent while employed by the Cedar County Sheriff's Department and those alleged injuries were inflicted solely by those Defendants and were not inflicted due to a policy within the department. A governmental entity cannot be held vicariously liable for its agent's acts under § 1983. *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 674 (8th Cir. 2007). Section 1983 liability for a constitutional violation may attach to a municipality if the constitutional violation resulted from (1) an "official municipal policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Id.* Deliberate indifference requires proof that a municipal actor disregarded a known or obvious consequence of their action. *Connick v. Thompson*, 563 U.S. 51, 131 S. Ct. 1350, 1360, 179 L. Ed. 2d 417 (2011).

Cedar County is liable if Plaintiff can show the constitutional violation suffered by Decedent resulted from an official policy, an unofficial custom, or a deliberately indifferent failure to train or supervise. Plaintiff alleges Cedar County Sheriff's Department personnel knew of multiple reports of sexual and physical abuse at Agape; children who reported or ran away were routinely returned to the school without investigation or reporting to the Children's Division. (Complaint ¶¶ 184-185).

Taking the allegations as true for the purpose of a motion to dismiss, Plaintiff has failed to make the connection of how these unofficial customs relate as to the violation of Decedent's constitutional rights. It is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. A plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights. *Bryan County v. Brown*, 520 U.S. 397, 404-405 (1997). For these reasons, Cedar County Defendants' Motion to Dismiss on this claim is **SUSTAINED WITHOUT PREJUDICE.** Plaintiff is granted leave to file an amended complaint to include how these policies, practices, or unofficial customs related as to the moving force behind the violation of Decedent's constitutional rights. Any such amendment shall be filed within 20 days of this Order.

## IX.     Count Nine - Lost Chance of Survival Claim

Plaintiff brings this claim under a theory of lost chance of survival against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Inc., Jackson, Dumar, Wilke, Wilson, Graves, McCrary, and Cedar County, Missouri. Both Agape and Cedar County Defendants argue a lost chance of survival claim requires a causation showing that it is impossible to establish the patient would have recovered or survived but for the defendant's alleged failure to properly

diagnose or treat. Defendants assert that this is not a medical malpractice case and should be dismissed.

Missouri law has defined the doctrine of lost chance of survival as predicated in the medical malpractice context. The purpose of a lost chance of recovery or survival claim is to address the harm that a patient suffers "when the doctor fails to diagnose or adequately treat a serious injury or disease." *Kiyland v. Columbia Orthopaedic Grp., LLP*, 331 S.W.3d 299, 305 (Mo. 2011). The Missouri Supreme Court recognized a lost chance of survival action as a medical malpractice case.

> The Missouri Supreme Court in *Wollen* characterized a lost chance of recovery action as a medical malpractice case, which is governed by the two-year statute of limitations period in Section 516.105. This precedent controls our decision unless the Missouri Legislature or the Missouri Supreme Court chooses to distinguish between lost chance of recovery and lost chance of survival actions and delineate them as separate.

*Markham v. Fajatin*, 325 S.W.3d 455, 459 (Mo. Ct. App. 2010). As this is not a medical malpractice case Both Agape and Cedar County Defendants' Motion to Dismiss Count Nine is **GRANTED**.

## X.      Count Ten – Claims for Relief by Kathleen Britt

Plaintiff has named Count Ten as "Claims for Relief' against "All Defendants". (Complaint Count 10).  Plaintiff is not alleging any additional cause of action but has styled Count Ten as a prayer for relief.  Insofar as it creates an additional cause of action against any Defendant in this case Cedar County Defendants' Motion to Dismiss Count Ten is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Defendants' Motions to Dismiss for failure to state a claim are **GRANTED** in **PART** and **DENIED** in **PART**. Plaintiff has 20 days from the date of this Order to file her Amended Complaint that is consistent with the Court's ruling.

**IT IS SO ORDERED.**
Dated: January 2, 2025

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**