IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN BRITT, individually and As the Surviving Parent of Jason Britt, and As Personal Representative on behalf of JASON BRITT, deceased<br><br>　　　　　　　　Plaintiffs,<br><br>　v.<br><br>AGAPE BAPTIST CHURCH INC., d/b/a AGAPE BOARDING SCHOOL,<br>JULIO SANDOVAL, *individually and in his role As Dean of Students for Agape Boarding School,*<br>SAFE, SOUND AND SECURE YOUTH MINISTRIES, INC.,<br>BRENT JACKSON, *Individually and in his role as Vocational Director and Staff Member for Agape Boarding School,*<br>SCOTT DUMAR, *Individually and in his role as Medical Director, Member of the Board of Directors and Staff Member for Agape Boarding School,*<br>JON WILKE, *Individually and in his role as Staff Member for Agape Boarding School,*<br>DAVID WILSON, *Individually and in his role as Staff Member for Agape Boarding School,*<br>ROBERT GRAVES, *Individually and in his role as Staff Member at Agape Boarding School, and Individually and as Deputy Sheriff for Cedar County, State of Missouri,*<br>CEDAR COUNTY SHERIFF'S DEPARTMENT,<br>JAMES "JIMBOB" McCRARY, SHERIFF, in his Individual and Official Capacity,<br><br>　　　　　　　　Defendants. | Case No.:　6:23-cv-03316-MDH |

1

## ORDER

Before the Court are Defendant James "JimBob" McCrary's Motion to Dismiss for Failure to State a Claim (Docs. 88) and Defendant Cedar County, Missouri's Motion to Dismiss for Failure to State a Claim (Doc. 90). Defendants McCrary and Cedar County have filed suggestions in support (Docs. 89 and 91), Plaintiff has filed suggestions in oppositions (Docs. 101 and 102) and Defendants McCrary and Cedar County have replied. (Docs. 103 and 104). The motions are now ripe for adjudication on the merits. For reasons herein, Defendant McCrary's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART** and Defendant Cedar County's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This is a wrongful death action brought by Plaintiff Kathleen Britt who is the mother of Jason Britt ("Decedent"). She brings this suit, individually and as personal representative of the estate of Decedent, against Agape Boarding School ("Agape"), those with leadership positions at Agape, members of the Cedar County Sheriff's Department, and Cedar County itself. Plaintiff is a resident of Idaho and Decedent's estate was opened in Idaho. All Defendants are citizens of Missouri.

Defendant Agape was a non-profit organization with its principal place of business in Stockton, Missouri. Decedent attended Agape at the age of 16. Plaintiff alleges that Decedent was brutalized by Defendants Jackson, Sandoval, and Wilke. Plaintiff claims Decedent was held down and a broom/mop handle was inserted into Decedent's rectum. After Decedent left Agape, he allegedly developed an interest in weightlifting to protect himself from sexual assault. It is claimed Decedent used steroids, developed a drug addition, post-traumatic stress disorder, depression, anxiety and suicidal tendencies. Decedent died from multi-organ failure due to steroids,

testosterone, high blood pressure and anxiety coupled with the drug addiction. Plaintiff asserts Decedent's death was a direct result of the abuses he suffered at Agape.

Plaintiff alleges that those associated with the Cedar County Sheriff's Department were aware of reports of abuse happening at Agape during this period and that Cedar County itself, through the Sheriff's Department, had on occasion taken actual custody and supervision of the students after learning of abuses. Plaintiff further alleges no one at the Sheriff's Department reported those abuses and continued to return students back to Agape without remedial action. Defendants Sandoval and Graves allegedly worked both at Agape and as members of the Sheriff's Department.

Plaintiff's Corrected Third Amended Complaint ("Complaint") alleges nine counts. Counts One and Two are wrongful death actions premised on childhood sexual abuse; Count Three is a wrongful death claim based on 18 U.S.C. § 1581; Counts Four through Six are wrongful death actions premised on negligence, Count Seven is a wrongful death action premised on fraud and fraudulent misrepresentation, Count Eight is a wrongful death claim based upon a violation of § 1983 claim, and Count Nine is titled as a claim of relief. Defendant McCrary's motion seeks to dismiss Counts Eight and Nine of Plaintiff's Complaint. Defendant Cedar County's motion seeks to dismiss Counts Five, Eight and Nine. The Court will take each in turn.

## STANDARD

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving

party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**DISCUSSION**

Plaintiff's Complaint asserts multiple counts of negligence and intentional acts against multiple defendants resulting in the wrongful death of Jason Britt. Although there can be multiple theories upon which a wrongful death action may be pursued, and it may be pursued against multiple defendants, Missouri statutes allow only one claim and one recovery for the death of any person. The damages recoverable are statutorily defined as specified damages suffered by the Plaintiff because of the death. The statute of limitations for a wrongful death action is 3 years from the date of death.

Missouri law also authorizes that in certain circumstances there can be a recovery of damages for which the Defendants would have been liable if the claim had been pursued by the deceased if death had not ensued. The statute of limitations which would have applied to any claim by the deceased against the Defendants had his death not ensued would have been 5 years. Plaintiff's Complaint was filed within 3 years of the death of Jason Britt. To the extent Plaintiff can demonstrate a causal relationship between Defendants' actions and the death she may pursue a wrongful death action. However, prior to the Decedent's death the statute of limitations expired on

4

claims which the deceased could have pursued against the Defendants. Any claim for the damages the Decedent suffered is barred. Plaintiff may pursue a claim only for the damages Plaintiff incurred as a read result of the death of Jason Britt. Plaintiff may not pursue a claim for damages which Jason Britt suffered during his lifetime because of the expiration of its statute of limitations on their claims. Regardless of the theory of negligence Plaintiff pursues she may only recover if she is able to prove the causal link between the Defendants conduct and the death of Jason Britt and then may only recover for the statutorily authorized damages which she can demonstrate she suffered resulting from the death.

I. **Count Three – Action Under 18 U.S.C. § 1581**

The Court begins its analysis with Count Three, a wrongful death claim premised under 18 U.S.C. § 1581. The Court in its January 2, 2025, Order dismissed this claim as it was barred by the statute of limitations as noted in 18 U.S.C. § 1595(c). (Doc. 84, pages 8-9). 18 U.S.C. § 1595(c) states:

> No action may be maintained under subsection (a) unless it is commenced not later than the later of (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

Decedent would have had to bring this claim prior to his 29th birthday on November 2, 2021. As Decedent failed to do so this claim is barred by the statute of limitations. As such, the Court continues to find that Plaintiff's Count Three fails to state a claim upon which relief can be granted and is once again dismissed it its entirety. For the reasons stated, Plaintiff's Count Three – Action Under 18 U.S.C. § 1581 is **DISMISSED**.

II. **Count Five – Negligent Hiring, Supervision, Retention, and Failure to Warn**

Plaintiff's Count Five is a wrongful death claim under state law premised on negligent hiring, supervision, retention, and failure to warn claim against Defendants Agape, Sandoval, Safe, Sound & Secure Youth Ministries, Inc., Jackson, Dumar, Wilke, Wilson, Graves and Cedar County, Missouri. Defendant Cedar County argues that Plaintiff's claim is barred by sovereign immunity. Plaintiff argues that sovereign immunity is waved by a public entity's purchase of liability insurance for tort claims under certain circumstances and that dismissal of Count Five is not proper at this time as it is impossible to know whether there is insurance coverage that covers these losses in this case.

In Missouri, sovereign immunity is the rule rather than the exception. *Div. of Emp. Sec., Missouri v. Bd. of Police Commissioners*, 864 F.3d 974, 980 (8th Cir. 2017); *see also* Mo. Rev. Stat. § 537.600.1. ("such sovereign or governmental tort immunity as existed at common law in this state …, except to the extent waived, abrogated or modified by statutes … shall remain in full force and effect…."). District courts within the State of Missouri have routinely held that a Plaintiff seeking an exception to sovereign immunity must specifically plead facts demonstrating that exception.

> Statutory provisions waving sovereign immunity are strictly construed. Under Mo. Rev. Stat. § 537.610.1, a plaintiff must prove the existence of an insurance policy and the terms of the policy cover the plaintiff's claims. Because the liability of a public entity for torts is the exception to the general rule of sovereign immunity, a plaintiff must specifically plead facts demonstrating that the claim is within an exception to sovereign immunity.

*Blankenship v. Williams*, No. 4:24-CV-00306-DGK, 2024 WL 4593871, at *9 (W.D. Mo. Oct. 28, 2024) (quoting *Berry v. Missouri Department of Corrections*, No. 2:24-CV-25-CDP, 2024 WL 3874485, at *2 (E.D. Mo. Aug. 20, 2024)).

Plaintiff has failed to specifically plead facts demonstrating that her claim is within an exception to sovereign immunity. Cedar county, Missouri is a political subdivision of the State of

Missouri. Defendant cedar County is entitled to sovereign immunity absent specifically pleaded facts demonstrating that Plaintiff's claim falls within an exception to sovereign immunity as defined by Mo. Rev. Stat. §§ 537.600.1 or 537.600.2. Nowhere in Plaintiff's Complaint does she plead any facts that would indicate that Defendant Cedar County has purchased liability insurance for tort claims covered under Count Five. As such, Defendant Cedar County is entitled to sovereign immunity against Plaintiff's Count Five wrongful death claim premised on a theory of negligent hiring, supervision, retention, and failure to warn. For the reasons stated, Defendant Cedar County's Motion to Dismiss for Failure to State a claim Count Five – Negligent Hiring, Supervision, Retention, and Failure to Warn is **GRANTED**. Defendant Cedar County is dismissed from Plaintiff's Count Five claim.

### III. Count Eight - Section 1983 Claim

Count Eight is brought under federal statute 18 U.S.C. § 1983. Plaintiff brings this count against Cedar County Sheriff's Department and Defendants McCrary, Graves, and Sandoval acting on behalf of the Cedar County Sheriff's Department. The Court in its January 2, 2025, Order dismissed Cedar County Sheriff's Department from the litigation as it is not a suable entity. Therefore, the Court will construe Defendant Cedar County as the proper defendant in this claim rather than the named Cedar County Sheriff's Office.

#### A. Defendant McCrary
#### i. Failure to State a Claim

Defendant McCrary first argues that Plaintiff's Complaint fails to plead with sufficient particularity the claims against him and in what capacity he was allegedly serving at the time of the alleged wrongful conduct. Defendant McCrary states he was not the sheriff during Decedent's

7

residency at Agape. As a result, Defendant McCrary argues he could not have maintained a policy or practice of refusing to investigate and/or report allegations of abuse at Agape, or returning children to the school for further abuse during Decedent's residency at Agape. Further, Defendant McCrary states he was not responsible for training officers and deputies as alleged in Plaintiff's Complaint while Decedent was at Agape. Plaintiff argues that Defendant McCrary's intentional failure to investigate, intervene or prevent known or substantially certain abuses that were occurring, violates Plaintiff's rights under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that Defendant McCrary was told on several occasions that boys at Agape were enduring severe abuse and by refusing to intervene and failing to protect students rise to the level of deliberate indifference.

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). However, under the public duty doctrine, "a public employee is not liable to an individual for injuries resulting from a breach of duty the employee owes only to the general public. *Est. of Snyder v. Julia*, 789 F.3d 883, 887–88 (8th Cir. 2015) (citing *Southers v. City of Farmington*, 263 S.W.3d 603, 611 (Mo. 2008)). A "public duty" is "the 'kind of duty owed to the public at large,' and is the kind of duty that requires the public official to use discretion, including 'professional expertise, training and judgment.'" *Gregg v. City of Kansas City*, 272 S.W.3d 353, 362 (Mo. Ct. App. 2008) (citing *Davis-Bey v. Mo. Dep't of Corr.*, 944 S.W.2d 294, 298 (Mo. Ct. App. 1997)). The public duty doctrine does not insulate a public employee from all liability, as he could still be found liable for breach of ministerial duties in which an injured party had a "special, direct, and distinctive interest." *Southers v. City of Farmington*,

263 S.W.3d 603, 611 (Mo. 2008), *as modified on denial of reh'g* (Sept. 30, 2008) (quoting *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 445 (Mo. banc 1986). The public duty doctrine will not apply where defendant public employees act "in bad faith or with malice." *Id*. (quoting *Jackson v. City of Wntzville*, 844 S.W.2d 585, 588 (Mo. App.1993).

Plaintiff's Complaint alleges "Jason Britt was deprived of rights secured by the United States [C]onstitution and the laws of the United States including his liberty interest in bodily integrity." (Complaint Count 8, ¶ 75). "Those deprivations were committed by the Cedar County Sheriff's [D]epartment, Chief Investigator James McCrary, Robert Graves, Julio Sandoval and others acting on behalf of the Cedar County Sheriff's Department." (Complaint Count Eight ¶ 76). "James McCrary received reports directly from students that they were being abused at Agape during the times that McCrary had supervision over them[.] He learned through additional reports including police reports, that Sandoval and Graves were implicated in those abuses." (Complaint Count Eight ¶ 78). "McCrary was acting under color of state law. He took no action to intervene to prevent the assault of Plaintiff and other students at Agape by employees of the department. McCrary, as Chief Investigator, was in a position to investigate and report the known violations of Graves and Sandoval." (Complaint Count Eight ¶ 79).

Plaintiff wholly fails to specify what reports were received from which students alleging what abuse and when they were abused. There is no itemization of alleged police reports about which Defendant McCreary was allegedly aware. Absent evidence of when Defendant McCrary had specific evidence of specific incidences of abuse, and in particular to Decedent, it is difficult for this Court to perceive how Plaintiff can prevail on this count. Lumping all reports about all alleged violations concerning all victims without reference to its timing, in particular to the Decedent, is not sufficient. The vague allegations of Count Eight and the factual allegations of the

9

Corrected Third Amended Complaint fall short of the specifics or timing of the reports that ultimately will be required. The conclusionary allegations of the role of Chief Investigator, including details of McCrary's responsibility over Defendants Graves and Sandoval, alone will not be sufficient without substantial specific evidence of the role Defendant McCrary held and knowledge he had. By the narrowest margin Plaintiff will be allowed to proceed against Defendant McCrary. Absent much more detailed information, as identified in this Order, the issue will be revisited at a later stage in the litigation. But assuming insofar its vague claims and allegations there lies possible violations related to the Decedent and this Defendant's particular knowledge and responsibility, Plaintiff will be allowed to proceed. For the reason stated, Defendant McCrary's Motion to Dismiss Count Eight – Violation of 42 U.S.C. § 1983 for failure to state a claim is **DENIED**.

      **ii.**     **Qualified Immunity**

Defendant McCrary next argues that even if Plaintiff's Count Eight is sufficient to overcome a motion to dismiss he would be entitled to qualified immunity. Specifically, Defendant McCrary argues that Plaintiff neither alleged any wrongful conduct by Defendant McCrary while Decedent attended Agape nor conduct by Defendant McCrary at any time that violated a constitutional right, or that any right allegedly violated was clearly established. Plaintiff argues that Defendant McCrary and the other deputies of Cedar County used their positions to enforce silence, prevent discovery of the sexual assaults of perpetrated by staff at Agape and the employees of the Cedar County Sheriff's Department itself. Plaintiff further argues that Defendant McCrary was directly told of the abuses that were occurring and took no action.

To determine if an individual is entitled to qualified immunity, the Court must conduct a two-part inquiry: "(1) [whether] the facts, viewed in the light most favorable to the plaintiff,

10

demonstrate the deprivation of a constitutional or statutory right; and (2) [whether] the right was clearly established at the time of deprivation." *Ryno v. City of Waynesville*, 58 F.4th 995, 1004 (8th Cir. 2023) (quoting *Jones v. McNeese*, 675 F.3d 1158, 1161 (8th Cir. 2012)). A right is "clearly established" when its contours are "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). The courts have the discretion to decide which of the two prongs of qualified-immunity analysis to tackle first. *Lombardo v. City of St. Louis*, 38 F.4th 684, 690 (8th Cir. 2022) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

The Court will first look at whether the right Plaintiff alleged was clearly established at the time of deprivation. Here, Plaintiff has alleged "Jason Britt was deprived of rights secured by the United States constitution and the laws of the United States including his liberty interest in bodily integrity." (Complaint Count Eight ¶ 75). The Eighth Circuit has found that a violation of the right to bodily integrity must be "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Villanueva v. City of Scottsbluff*, 779 F.3d 507, 513 (8th Cir. 2015) (quoting *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 797 (8th Cir. 1998)). Plaintiff further alleges that "[w]hile acting an an employee of Cedar County Sheriff's Department, the defendants Sandoval and Graves engaged in sexual assault of Jason Britt." (Complaint Count Eight ¶ 77). Plaintiff, while vague in the right violated, has sufficiently plead at this stage of the litigation a clearly established right by the Decedent that would be sufficiently clear that a reasonable official would understand that what he is doing is wrong.

The Court will next proceed onto the second prong of qualified immunity, whether the facts, viewed in the light most favorable to the Plaintiff, demonstrate the deprivation of a constitutional or statutory right. Plaintiff alleges:

> [w]hile acting as an employee of Cedar County Sheriff's Department, James McCrary received reports directly form students that they were being abused at Agape during the times that McCrary had supervision over them for holidays and special events. He learned through additional reports including police reports, that Sandoval and Graves were implicated int hose abuses. As Chief Investigator, McCrary was acting under color of sate law. He took no action to intervene to prevent the assault of Plaintiff and other students at Agape by employees of the department. McCrary, as Chief Investigator, was in a position to investigate and report known violations of Graves and Sandoval. Defendant McCrary as Chief Investigator had knowledge that co-employees Sandoval and Graves were potentially violating the rights of the children at Agape to be secure in their person and free form bodily harm and took no steps to prevent them form so engaging.

(Complaint Count Eight ¶¶ 78-79, 82). Taking the allegations in the light most favorable to the Plaintiff, the Court cannot at this time dismiss Count Eight based on qualified immunity. As stated above, Plaintiff wholly fails to specify what reports were received from which students alleging what abuse nor is there an itemization of alleged police reports about which Defendant McCrary was aware. Absent evidence Defendant McCrary had evidence of specific incidents of abuse, and in particular to Decedent, it is difficult for this Court to perceive how Plaintiff can prevail on this count. The vague allegations of Count Eight and the factual allegations of the Corrected Third Amended Complaint fall short of the specifics or timing of the reports required. The conclusionary allegations of Chief Investigator, including responsibility over Defendants Graves and Sandoval, alone would not be sufficient without substantial allegations of the role Defendant McCrary held. By the narrowest margin Plaintiff is allowed to proceed against Defendant McCrary. Absent much more detailed info, as identified in this Order, the issue will be revisited at a later stage in the litigation. For the reason stated, Defendant McCrary's Motion to Dismiss Count Eight – Violation of 42 U.S.C. § 1983 based on qualified immunity is **DENIED**.

B.     Defendant Cedar County, Missouri

i.     Statute of Limitations

Defendant Cedar County argues that the Decedent was a resident of Agape in the 2009 to 2010 time period and any alleged constitutional violation would necessarily have occurred before or during that time period to impact the Deceased's constitutional rights. Thus, Defendant Cedar County contends that Plaintiff's § 1983 claim is barred by the five-year statute of limitations. Plaintiff argues that under the statute of limitations for Missouri's wrongful death statute her claim is timely.

Whether a § 1983 claim survives the death of the alleged victim is a question of federal law. *Childs v. Brummett*, No. 4:20-00814-CV-RK, 2021 WL 5702431, at *1 (W.D. Mo. Dec. 1, 2021). To determine whether § 1983 claims survive the injured party's death, we must look at 42 U.S.C. § 1988. The Civil Rights Act does not contain a survivorship rule but does recognize that in certain areas, "federal law is unsuited or insufficient 'to furnish suitable remedies[.].'" *Robertson v. Wegmann*, 436 U.S. 584, 589 (1978) (citing 42 U.S.C. § 1988). In these situations, the Court will look at the common law, as modified and changed by the constitution and statutes of the state wherein the court having jurisdiction. 42 U.S.C. § 1988. *See Childs v. Brummett*, No. 4:20-CV-RK, 2021 WL 5702431 (W.D. Mo. Dec. 1, 2021); *Robertson v. Wegmann*, 436 U.S. 584, 588 (1978). Since Plaintiff is alleging "as a direct result of the conduct of all Defendants, Plaintiff lost her son" (Complaint Count Eight ¶ 89) we turn to Missouri's wrongful death statute as the pertinent survivorship statute.

"Every action instituted under section 537.080 shall be commenced within three years after the cause of action shall accrue[.]" Mo. Rev. Stat. § 537.100. The cause of action is measured from the time of Decedent's death. Decedent died in February 2022 and Plaintiff has brought her action

13

on October 11, 2023, well within the statute of limitation. Plaintiff is allowed to proceed with Count Seven so long as she can demonstrate the death of Decedent was a direct result of the abuse. For the reasons stated, Defendant Cedar County's Motion to Dismiss Count Eight – Violation of 42 U.S.C. § 1983 based on the statute of limitations is **DENIED**.

### ii. Failure to State a Claim

Defendant Cedar County further argues that even if the statute of limitations had not run, Plaintiff's Complaint still does not state a claim for an unconstitutional policy. Specifically, Defendant Cedar County states Plaintiff has failed to allege Defendant McCrary had the final authority to implement the alleged unofficial policy. Defendant Cedar County also states Plaintiff's Complaint does not show how the alleged unofficial policy caused the actual harm to Decedent and/or Plaintiff in this case.

Taking the allegations in Plaintiff's Complaint as true for the purposes of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Plaintiff alleges:

> The department's policies of returning runaways to Agape without investigation of their claims, its refusal to investigate reports of abuse received through means other than runaways and its policy of allowing the accused abusers to investigate the claims of abuse at Agape gave cover to those who were engaging in the abuse freedom to do so without fear of prosecution or consequence of any kind. These policies created a direct causal link between the municipality's actions and the deprivation of Plaintiff's right to bodily integrity.

(Complaint Count 8, ¶¶ 85–86). Plaintiff has alleged that the department's polices of returning runaways to Agape without investigation of their claims, refusal to investigate claims, and allowing accused abusers to investigate the claims of abuse at Agape lead to a deprivation of Decedent's right to bodily autonomy. These pleadings while more vaguely pled and general than optimal are sufficient to raise a claim for relief above a speculative level at this stage of the litigation. For the

14

reasons stated, Defendant Cedar County's Motion to Dismiss Count Eight – Violation of 42 U.S.C. § 1983 for failure to state a claim is **DENIED**.

IV.     **Count Nine – Claims for Relief by Kathleen Britt**

Plaintiff has named Count Nine as "Claims for Relief by Kathleen Britt' against "All Defendants". (Complaint Count Nine). Plaintiff is not alleging any additional cause of action but has styled Count Nine as a prayer for relief. Further, Count Nine only specifies Defendant Agape within the body of the claim and no other Defendants.

Both Defendants McCrary and Cedar County, Missouri, argue that the Court has already granted their motion to dismiss this claim in its January 2, 2025, Order finding that Count Ten, now renumbered as Count Nine, was not an additional cause of action but rather a prayer for relief. (Doc. 84, page 22). Defendants McCrary and Cedar County thus asks the Court to once again dismiss Count Nine. Further, Defendant Cedar County states that it would enjoy sovereign immunity for the same reason as it argued in its motion to dismiss Plaintiff's Count Five. Plaintiff's states that she makes no claim under Count Nine regarding Defendant Cedar County. Plaintiff did not respond to Defendant's McCrary's argument to Count Nine.

As the Court found in its January 2, 2025, Order, Plaintiff's Count Nine, does not plead any additional cause of action. Count Nine, while naming all Defendants, only reiterates allegations against Defendant Agape. To the extent Plaintiff is attempting to include an additional cause of action, it is insufficiently pleaded. For the reasons stated, Defendants McCrary and Cedar County's Motions to Dismiss Count Nine – Claims for Relief by Kathleen Britt are **GRANTED**.

**CONCLUSION**

For the reasons set forth herein, Defendant McCrary's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED**. Defendant McCrary's Motion to Dismiss Count Eight – Section 1983 Claim for failure to state a claim is **DENIED**. Defendant McCrary's Motion to Dismiss Count Eight – Section 1983 Claim based on qualified immunity is also **DENIED**. Defendant McCrary's Motion to Dismiss Count Nine – Claims for Relief by Kathleen Britt for Failure to State a Claim is **GRANTED**.

Defendant Cedar County's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**. Defendant Cedar County's Motion to Dismiss Count Five – Negligent Hiring, Supervision, Retention and Failure to Warn for failure to state a claim is **GRANTED**. Defendant Cedar County's Motion to Dismiss Count Eight – Section 1983 Claim based on the statute of limitations and failure to state a claim are **DENIED.** Defendant Cedar County's Motion to Dismiss Count Nine – Claims for Relief by Kathleen Britt is **GRANTED**.

Count Three – Action Under 18 U.S.C. § 1581 *et seq* is also **DISMISSED** in its entirety.

**IT IS SO ORDERED.**

Dated: July 28, 2025

                                            */s/ Douglas Harpool*
                                            **DOUGLAS HARPOOL**
                                            **United States District Judge**