IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| KATHLEEN BRITT, individually and As the Surviving Parent of Jason Britt, and As Personal Representative on behalf of JASON BRITT, deceased<br><br>Plaintiffs,<br><br>v.<br><br>AGAPE BAPTIST CHURCH INC., d/b/a AGAPE BOARDING SCHOOL,<br>JULIO SANDOVAL, *individually and in his role As Dean of Students for Agape Boarding School,*<br>SAFE, SOUND AND SECURE YOUTH MINISTRIES, INC.,<br>BRENT JACKSON, *Individually and in his role as Vocational Director and Staff Member for Agape Boarding School,*<br>SCOTT DUMAR, *Individually and in his role as Medical Director, Member of the Board of Directors and Staff Member for Agape Boarding School,*<br>JON WILKE, *Individually and in his role as Staff Member for Agape Boarding School,*<br>DAVID WILSON, *Individually and in his role as Staff Member for Agape Boarding School,*<br>ROBERT GRAVES, *Individually and in his role as Staff Member at Agape Boarding School, and Individually and as Deputy Sheriff for Cedar County, State of Missouri,*<br>CEDAR COUNTY SHERIFF'S DEPARTMENT,<br>JAMES "JIMBOB" McCRARY, SHERIFF, in his Individual and Official Capacity,<br><br>Defendants. | Case No.:   6:23-cv-03316-MDH |

1

## ORDER

Before the Court is Defendant Robert Graves's Motion to Dismiss (Doc. 121). Defendant Graves filed Suggestions in Support (Doc. 122), Plaintiff filed Suggestions in Opposition (Doc. 129) and Defendant Graves has filed a reply (Doc. 146). The motions are now ripe for adjudication on the merits. For reasons herein, Defendant Graves's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This is a wrongful death action brought by Plaintiff Kathleen Britt who is the mother of Jason Britt ("Decedent"). She brings this suit, individually and as personal representative of the estate of Decedent, against Agape Boarding School ("Agape"), those with leadership positions at Agape, members of the Cedar County Sheriff's Department, and Cedar County itself. Plaintiff is a resident of Idaho and Decedent's estate was opened in Idaho. All Defendants are citizens of Missouri.

Defendant Agape was a non-profit organization with its principal place of business in Stockton, Missouri. Decedent attended Agape at the age of 16. Plaintiff alleges that Decedent was brutalized by Defendants Jackson, Sandoval, and Wilke. Plaintiff claims Decedent was held down and a broom/mop handle was inserted into Decedent's rectum. After Decedent left Agape, he allegedly developed an interest in weightlifting to protect himself from sexual assault. It is claimed Decedent used steroids, developed a drug addiction, post-traumatic stress disorder, depression, anxiety and suicidal tendencies. Decedent died from multi-organ failure due to steroids, testosterone, high blood pressure and anxiety coupled with the drug addiction. Plaintiff asserts Decedent's death was a direct result of the abuses he suffered at Agape.

Plaintiff alleges that those associated with the Cedar County Sheriff's Department were aware of reports of abuse happening at Agape during this period and that Cedar County itself, through the Sheriff's Department, had on occasion taken actual custody and supervision of the students after learning of abuses. Plaintiff further alleges no one at the Sheriff's Department reported those abuses and continued to return students to Agape without remedial action. Defendants Sandoval and Graves allegedly worked both at Agape and as members of the Sheriff's Department.

Plaintiff's Fourth Amended Complaint ("Complaint") alleges six counts against Defendant Graves in his individual and official capacity.[1] Count One is a wrongful death actions premised on childhood sexual abuse; Count Three is a wrongful death claim based on 18 U.S.C. § 1581; Counts Four through Six are wrongful death actions premised on negligence; and Count Eight is a wrongful death claim based upon a violation of § 1983 claim.[2]

Defendant Graves seeks to dismiss Plaintiff's Complaint arguing that Plaintiff has failed to allege sufficient facts upon which relief can be granted; Defendant Graves is entitled to qualified immunity and official immunity; Count VIII – 42 U.S.C. § 1983 fails to allege sufficient facts against Defendant Graves; and Plaintiff fails to state a § 1983 claim against Defendant Graves in his individual or official capacity. The Court will take each in turn.

**STANDARD**

---

[1] Plaintiff's Fourth Amended Complaint is a corrected version of her Third Amended Complaint. Plaintiff's counsel had misnumbered her headings. As the corrections were not substantive in nature the Court will construe Defendant Graves's Motion to Dismiss Plaintiff's Third Amended Complaint as applying to Plaintiff's Fourth Amended Complaint.

[2] Plaintiff also alleges Count Nine: Claims for Relief by Kathleen Britt. Count Nine is styled as a cause of action against all Defendants but does not plead any additional cause of action. The Court in its January 2, 2025, has already ruled to the extent it is attempting to include an additional cause of action it is insufficiently plead.

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## DISCUSSION

Plaintiff's Complaint asserts multiple counts of negligence and intentional acts against multiple defendants resulting in the wrongful death of Jason Britt. Although there can be multiple theories upon which a wrongful death action may be pursued, and it may be pursued against multiple defendants, Missouri statutes allow only one claim and one recovery for the death of any person. The damages recoverable are statutorily defined as specified damages suffered by the Plaintiff because of the death. The statute of limitations for a wrongful death action is three years from the date of death.

Missouri law also authorizes that in certain circumstances there can be a recovery of damages for which the Defendants would have been liable if the claim had been pursued by the deceased if death had not ensued. The statute of limitations which would have applied to any claim

4

Case 6:23-cv-03316-MDH   Document 190   Filed 10/23/25   Page 4 of 12

by the deceased against the Defendants had his death not ensued would have been five years. Plaintiff's Complaint was filed within three years of the death of Jason Britt. To the extent Plaintiff can demonstrate a causal relationship between Defendants' actions and the death she may pursue a wrongful death action. However, prior to the Decedent's death the statute of limitations expired on claims which the deceased could have pursued against the Defendants. Any claim for the damages the Decedent suffered is barred. Plaintiff may pursue a claim only for the damages Plaintiff incurred as a read result of the death of Jason Britt. Plaintiff may not pursue a claim for damages which Jason Britt suffered during his lifetime because of the expiration of its statute of limitations on their claims. Regardless of the theory of negligence Plaintiff pursues she may only recover if she is able to prove the causal link between the Defendants conduct and the death of Jason Britt and then may only recover for the statutorily authorized damages which she can demonstrate she suffered resulting from the death.

I.     **Failure to Allege Sufficient Facts Upon Which Relief Can be Granted**

    A.     **Qualified and Official Immunity**

Defendant Graves argues that he was not associated with the Cedar County Sheriff's Department at the time Decedent attended Agape Boarding School and therefore could not have engaged in any of the conduct alleged in his role as a deputy for the Cedar County Sheriff's Department. Alternatively, Defendant Graves states that even if he had been a deputy with the Cedar County Sheriff's Department at any time that Decedent was at Agape, he would be entitled to immunity, and therefore, Plaintiff's claims must be dismissed. Plaintiff argues that it appears that Defendant Graves was not yet a deputy when Decedent allegedly experienced the sexual assault at Agape. Plaintiff argues that if Defendant Graves was not a public official, he would have no immunity for his actions as an individual employee of Agape.

5

Qualified immunity shields a government official from liability and the burdens of litigation unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. *Truong v. Hassan*, 829 F.3d 627, 630 (8th Cir. 2016) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). Official immunity under Missouri state law "protects public officials sued in their individual capacities from liability for alleged acts of negligence committed during the course of their official duties for the performance of discretionary acts." *Hall v. Woodruff*, 121 F.4th 1155, 1157 (8th Cir. 2024) (quoting *State ex rel. Morales v. Alessi*, 679 S.W.3d 467, 471 (Mo. banc 2023)).

Here, it appears that Defendant Graves was not employed by the Cedar County Sheriff's Department while Decedent attended Agape Boarding School. Plaintiff concedes in her briefing that "[f]rom the facts gleaned thus far, it appears that Graves was not yet a deputy when Britt was gang raped." (Doc. 129, page 4). Because Defendant Graves was not a government official nor a public official during the alleged sexual abuse, the doctrines of qualified immunity and official immunity would not apply as to his actions as an individual employee of Agape. As such, the Court finds that Defendant Graves is not entitled to qualified immunity or official immunity in this case. For the reasons stated, Defendant Graves's Motion to Dismiss all counts in his official capacity as Deputy Sheriff of the Cedar County Sheriff's Department is **GRANTED** and Count One – Childhood Sexual Abuse in his individual capacity is **DENIED**. The Court will now analyze Plaintiff's negligence claims against Defendant Graves.

### B. Count Four - Negligence

In Missouri, in an action for negligence, the plaintiff must establish that "(1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *Webb v. Medicalodges, Inc.*, 728

6

F.Supp.3d 1019, 1024 (W.D. Mo. 2024) (quoting *Martin v. City of Wash.*, 848 S.W.2d 487, 493 (Mo. banc 1993).

> Here, Plaintiff alleges:
>
> Defendants had a duty to protect Plaintiff. This duty arose from:
>> a. Defendants' acceptance of custody and supervision of the child.
>>
>> b. The Plaintiff's presence on property controlled by the Defendants.
>>
>> c. The Defendants' affirmative acts that placed Plaintiff in danger and in the zone of danger.
>>
>> d. Agape's employment of Sandoval, Wilke, Wilson, Dumar, Graves and the transport company as their agents.
>>
>> e. All Defendants' fiduciary and/or confidential relationship with the Plaintiff and his family. Upon information and belief, Agape, by and through their agents, servants and employees, knew or reasonably should have known of the individual defendants' dangerous and exploitative propensities and/ or that they were unfit agents.
>
> Despite such knowledge, the Defendants breached their duty to protect Plaintiff when they failed to protect Plaintiff from the sexual abuse, physical abuse, neglect and misfeasance described herein. As a direct result of the conduct of Agape and the staff defendants including Sandoval, Dumar, Graves, Wilson, Wilke and Jackson, Plaintiff lost her son.

(Complaint ¶¶ 130-133). Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Plaintiff has alleged a duty on the part of Defendant Graves, a breach of that duty, a proximate cause between the breach and the resulting injury and actual damage to Plaintiff. Thus, at this stage of the litigation Plaintiff's cause of action is sufficient to survive a motion to dismiss. For the reasons stated, Defendant Graves's Motion to Dismiss Count Four – Negligence in his individual capacity is **DENIED**.

### C. Count Five - Negligent Hiring, Supervision, Retention, and Failure to Warn

This Count contains four theories–which arise from hiring, supervision, retention and failure to warm–premised on negligence. *See Gibson v. Brewer*, 952 S.W.2d 239, 246 (Mo. 1997)

7

(en banc) (discussing negligent hiring and retention and referencing the employer's negligence); *Davis v. Lutheran S. High Sch. Ass'n of St. Louis*, 200 S.W.3d 163, 165–166 (Mo. Ct. App. 2006) (referencing the standard elements of negligence when discussing negligent supervision").

Here, Plaintiff alleges "Defendants failed to provide reasonable supervision of staff members, failed to use reasonable care in investigating, hiring and retaining and supervision of its staff members and failed to provide adequate warning to Plaintiff, and his family, of their dangerous propensities." (Complaint ¶ 139). As discussed prior, Defendant Graves was not an employee of the Cedar County Sheriff's Department when Plaintiff was at Agape Boarding School. During this time Defendant Graves was solely acting as security personnel for Agape Boarding School. Plaintiff fails to allege how Defendant Graves, in his capacity as security personnel for Agape had any sort of responsibility when it came to hiring, supervision, or retention of employees at Agape Boarding School. Further, Plaintiff additionally alleges a negligent failure to warn claim but has failed to allege any duty Defendant Graves had that would warrant liability under that claim. In sum, Plaintiff has failed to state a cause of action upon which relief can be granted as to Defendant Graves on this count. For the reasons stated, Defendant Graves's Motion to Dismiss Count Five – Negligent Hiring, Supervision, Retention, and Failure to Warn in his individual capacity is **GRANTED**.

D. **Count Six - Negligent Failure to Supervise Children[3]**

To state a prima facie case of negligent supervision, a plaintiff must plead "(1) a legal duty on the part of the defendant to use ordinary care to protect the plaintiff against unreasonable risks

---

[3] Under Missouri law there is no cause of action titled negligent failure to supervise children. Missouri does recognize a cause of action titled negligent supervision. The Court will therefore construe this cause of action as a wrongful death action premised on a theory of negligent supervision.

of harm; (2) a breach of that duty; (3) a proximate cause between the breach and the resulting injury; and (4) actual damages to the plaintiff's person or property." *Lipp v. Ginger C, L.L.C.*, No. 2:15-CV-04257-NKL, 2016 WL 1583663, at *10 (W.D. Mo. Apr. 19, 2016) (quoting *Cook v. Smith*, 33 S.W.3d 548, 553–54 (Mo. Ct. App. 2000).

> Plaintiff alleges:
>
> The staff defendants – Graves, Wilke, Wilson, Sandoval, Dumar, Jackson -- each had a duty to supervise decedent but breached those duties to protect and supervise decedent by engaging in grooming activities, boundary violations, physical, emotional and sexual abuse of the minor decedent as described herein. As a direct result of the conduct of Defendants, Plaintiff[] lost [her] son. … As a direct result of the conduct of Defendants, Decedent suffered lost future wages, lost earning capacity, mental anguish, pain of body and mind.

(Complaint ¶¶ 155, 161 and 162). Taking the allegations as true for the purposes of a motion to dismiss, Plaintiff has raised a right to relief above a speculative level. Plaintiff has alleged a duty on the part of Defendant Graves, a breach of that duty, a proximate cause between the breach and the resulting injury and actual damages to Plaintiffs. Thus, at this stage of the litigation, Plaintiff's cause of action is sufficient to survive a motion to dismiss. For the reasons stated, Defendant Graves's Motion to Dismiss Count Six – Negligent Failure to Supervise Children in his individual capacity is **DENIED**.

II. **Count VIII – 42 U.S.C. § 1983**

Defendant Graves argues that Plaintiff's Complaint is void of any official custom or policy that allegedly led to a constitutional deprivation. Defendant Graves further argues that the Complaint is void of any details of when he allegedly became aware of reports of abuse, his investigations into the abuse, and what role he had while Plaintiff was at Agape. Additionally, Defendant Graves states the Complaint is void of any alleged responsibilities he had while Plaintiff

was at Agape and thus Plaintiff's claims warrant dismissal. Plaintiff does not make an argument regarding Defendant Graves 42 U.S.C. § 1983 argument.

"The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009) (citing *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999)). Only persons acting under color of state law can be held liable under § 1983. *Magee v. Trs. Of the Hamline Univ., Minn.*, 957 F.Supp.2d 1047, 1057 (D. Minn. 2013), *aff'd sub nom. Magee v. Trs. Of Hamline Univ., Minn.*, 747 F.3d 532 (8th Cir. 2014) (citing *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008)). Section 1983 therefore "secures most constitutional rights from infringement by governments, not private parties." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). "A private party may be held liable under § 1983 only if it is a 'willful participant in joint activity with the State or its agents.'" *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor" regarding the violation of the plaintiff's constitutional rights. *Miller v. Compton*, 122 F.3d 1094, 1098 (8th Cir. 1997) (internal quotation marks omitted). Mere allusion to such a conspiracy is insufficient; the conspiracy, or meeting of the minds, must be pleaded with specificity and factual support. *See Holbird v. Armstrong-Wright*, 949 F.2d 1019, 1020 (8th Cir. 1991); *Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985).

As discussed above, the Court finds that Defendant Graves was not employed by the Cedar County Sheriff's Department during Decedent's time at Agape Boarding School. Because

Defendant Graves was not a state actor, and Plaintiff has not pleaded with specificity that there was a meeting of the minds necessary for liability to attach to a private party for purposes of § 1983, Defendant Graves cannot be held liable for this count. For the reasons stated, Defendant Graves's Motion to Dismiss Count Eight – 42 U.S.C. § 1983 for Failure to State a Claim in his individual is **GRANTED**.

### III.  18 U.S.C. § 1581

Defendant Graves seeks dismissal of Plaintiff's Count Three arguing that Plaintiff does not cite any prior criminal violation under the statute by Defendant Graves nor has Plaintiff stated any allegation when, taken as true, would warrant relief under 18 U.S.C. § 1595 against Defendant Graves.

Plaintiff's Count Three is a wrongful death claim premised under 18 U.S.C. § 1581. The Court in its January 2, 2025, Order dismissed this claim as it was barred by the statute of limitations as noted in 18 U.S.C. § 1595(c). (Doc. 84, pages 8-9). 18 U.S.C. § 1595(c) states:

> No action may be maintained under subsection (a) unless it is commenced not later than the later of (1) 10 years after the cause of action arose; or (2) 10 years after the victim reaches 18 years of age, if the victim was a minor at the time of the alleged offense.

Decedent would have had to bring this claim prior to his 29th birthday on November 2, 2021. As Decedent failed to do so this claim is barred by the statute of limitations. As such, the Court continues to find that Plaintiff's Count Three fails to state a claim upon which relief can be granted and is once again dismissed it its entirety. For the reasons stated, Plaintiff's Count Three – Action Under 18 U.S.C. § 1581 is **DISMISSED**.

### CONCLUSION

For the reasons stated above, Defendant Graves's Motion to Dismiss Plaintiff's Fourth Amended Complaint is **GRANTED IN PART AND DENIED IN PART**. Defendant Graves's Motion to Dismiss all counts in his official capacity as a Deputy Sheriff of the Cedar County Sheriff's Department is **GRANTED**. Count One – Childhood Sexual Abuse in his individual capacity is **DENIED**; Count Three – 18 U.S.C. § 1581 is **GRANTED**; Count Four – Negligence in his individual capacity is **DENIED**; Count Five – Negligent Hiring, Supervision, Retention, and Failure to Warn in his individual capacity is **GRANTED**; Count Six - Negligent Failure to Supervise Children in his individual capacity is **DENIED**; and Count Eight – 42 U.S.C. § 1983 in his individual capacity is **GRANTED**.

**IT IS SO ORDERED.**

Dated: October 23, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**United States District Judge**