# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

KATHLEEN BRITT, individually and
As the Surviving Parent of Jason Britt, and
As Personal Representative on behalf of
JASON BRITT, deceased

                Plaintiffs,

v.

AGAPE BAPTIST CHURCH INC., d/b/a
AGAPE BOARDING SCHOOL,
JULIO SANDOVAL, *individually and in his
role As Dean of Students for Agape Boarding
School,*
SAFE, SOUND AND SECURE YOUTH
MINISTRIES, INC.,
BRENT JACKSON, *Individually and in his role
as Vocational Director and Staff Member for
Agape Boarding School,*
SCOTT DUMAR, *Individually and in his role
as Medical Director, Member of the Board of
Directors and Staff Member for Agape Boarding
School,*
JON WILKE, *Individually and in his role as
Staff Member for Agape Boarding School,*
DAVID WILSON, *Individually and in his role
as Staff Member for Agape Boarding School,*
ROBERT GRAVES, *Individually and in his
role as Staff Member at Agape Boarding School,
and Individually and as Deputy Sheriff for
Cedar County, State of Missouri,*
CEDAR COUNTY, MISSOURI,
JAMES "JIMBOB" McCRARY, SHERIFF, in
his Individual and Official Capacity,

                Defendants.

**Case No.:   6:23-cv-03316-MDH**

## <u>ORDER</u>

1

Before the Court is Defendant Agape Boarding School's ("Agape") Motion for Summary Judgment. (Doc. 169). Defendant Agape filed Suggestions in Support, (Doc. 170), Plaintiff filed Suggestions in Opposition, (Doc. 183) and Defendant Agape filed a reply. (Doc. 187). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant Agape's Motion for Summary Judgement is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This is a wrongful death action brought by Plaintiff Kathleen Britt who is the mother of Jason Britt, the decedent in this case. She brings this suit against Agape, those with leadership positions at Agape, members of the Cedar County Sheriff's Department, and Cedar County itself. Plaintiff is a resident of Idaho, and all Defendants are citizens of Missouri.

Defendant Agape was a non-profit organization with its principal place of business in Stockton, Missouri. Jason Britt attended Agape at the age of 16 for approximately four months sometime between 2009 and 2010. Plaintiff alleges that Jason Britt was brutalized by Defendants Jackson, Sandoval, and Wilke. Plaintiff claims Jason Britt was held down and a broom/mop handle was inserted into his rectum. After Jason Britt left Agape, he allegedly developed an interest in weightlifting to protect himself from sexual assault. It is claimed Jason Britt used steroids, developed a drug addiction, post-traumatic stress disorder, depression, anxiety and suicidal tendencies. Jason Britt died from multi-organ failure due to steroids, testosterone, high blood pressure and anxiety coupled with the drug addiction. Plaintiff asserts Jason Britt's death was a direct result of the abuses he suffered at Agape.

2

Plaintiff's Fourth Amended Complaint ("Complaint") alleges five counts against Defendant Agape.[1] Count Two is a wrongful death actions premised on childhood sexual abuse; Counts Four through Six are wrongful death actions premised on negligence; and Count Seven is a wrongful death action premised on fraud and fraudulent misrepresentation.[2] Defendant Agape brings its current motion seeking summary judgment on these claims arguing that the undisputed facts show a break in proximate causation that would bar Plaintiff's recovery in a wrongful death action. Defendant Agape further argues that Mo. Rev. Stat. § 537.046 cannot be used to impose liability on a non-perpetrator and as such entry of summary judgment in favor of Defendant Agape is appropriate. The Court will evaluate these arguments below.

**STANDARD**

Summary judgment is proper where, viewing the evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

---

[1] Plaintiff's Fourth Amended Complaint alleges counts against Defendants Scott Dumar and Safe, Sound and Secure Youth Ministries, Inc. However, the docket sheet shows that service was effectuated on Julio Sandoval d/b/a Safe Sound and Secure Yough Ministries Lighthouse Christian Academy. (Doc. 5). As the record reflects that Julio Sandoval was doing business as Safe, Sound and Secure Youth Ministries, the Court will construe Defendant Safe, Sound and Secure Youth Ministries as an extension of Julio Sandoval in this action. As to Defendant Scott Dumar, the record shows he was not served in this case and pursuant to Federal Rule of Civil Procedure 4(m) the Court will dismiss this action against Scott Dumar without prejudice.

[2] Plaintiff's Fourth Amended Complaint alleged seven counts against Defendant Agape. However, Plaintiff's Count Three - Action Under 18 U.S.C. § 1581 et seq. and Count Nine - Claims for Relief by Kathleen Britt were reraised counts that had already be dismissed by this Court for failure to state a claim upon which relief can be granted. (Doc. 84). To the extent Plaintiff attempts to reraise these counts they are once again dismissed for the same reasons articulated in this Court's prior Order.

3

317, 323 (1986).  If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

### I.      Causation

Defendant Agape argues that even assuming arguendo duty/breach, Plaintiff cannot demonstrate proximate cause. Defendant Agape asserts that Jason Britt left Agape in 2010. Years later Jason Britt took up weightlifting, used steroids and other drugs, and died in 2022 from multi-organ failure due to those substances and conditions. Defendant Agape argues this constitutes an intervening, superseding cause that severs liability as a matter of Missouri law. Defendant Agape further argues that Plaintiff's theory cannot satisfy "but-for" causation without improper speculation. In support Defendant Agape states that the undisputed record includes Plaintiff's testimony regarding steroid use and cycling, increased alcohol use, anxiety treated with benzodiazepines, and dialysis non-adherence concerns, each arising well after Jason Britt's time at Agape.

Plaintiff argues that steroid abuse and other trauma-based behaviors were brought about by the tortious acts of Defendant Agape. Plaintiff asserts there is straight-line causation from the abuse to the trauma-based behaviors to Jason Britt's death. Plaintiff argues there is no outside or external force that operated independently from the chain of events following the abuses. Plaintiff states that Defendant Agape can point to no "new and independent force" that so interrupted the chain

4

of events that would become the immediate cause of injury. Plaintiff argues that but for Defendant Agape's abuses, Jason Britt would not have engaged in trauma-based behaviors, leading to his death. Lastly, Plaintiff argues that even the failure to remain completely compliant with dialysis is consistent with the lack of trust felt by trauma victims.

### A.      But-for Causation

Under Missouri law, "Proof of causation entails proof of causation in fact, or 'but-for' causation, as well as proximate causation." *Aaron v. Nat'l R.R. Passenger Corp.*, 163 F.4th 503, 511 (8th Cir. 2025) (quoting *Nail v. Husch Blackwell Sanders, LLP*, 436 S.W.3d 556, 562 (Mo. 2014)). But-for causation is causation in fact; it requires the plaintiff to prove their injury would not have occurred but for the defendant's conduct. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 860–61 (Mo. 1993). Specifically, in a wrongful death action, the plaintiff must prove the decedent would not have died but for the defendant's conduct. *Sanders v. Ahmed*, 364 S.W.3d 195, 209 (Mo. 2012). In a wrongful death action, but-for causation is "established through expert testimony that there is a reasonable degree of medical or scientific certainty that but for the tortfeasor's conduct," the decedent would not have died. *Rhoden v. Mo. Delta Med. Ctr.*, 621 S.W.3d 469, 482 (cleaned up) (quoting *Lowe v. Mercy Clinic E. Cmtys.*, 592 S.W.3d 10, 18 (Mo. Ct. App. 2019)). But-for causation is not established, however, if an expert testifies that a defendant's conduct "'might'" or "'could have'" caused the decedent's death, "though other causes are possible[.]" *Baker v. Guzon*, 950 S.W.2d 635, 647 (Mo. Ct. App. 1997) (stating "such testimony is devoid of evidentiary value").

The Court finds there is a genuine issue of material facts and thus summary judgment is not proper as it relates to but-for causation. Here, Dr. Peterson opines that Jason Britt's experience

at Agape led to symptoms consistent with childhood sexual abuse and posttraumatic stress disorder that led to him "bulking up" with anabolic steroids and ultimately led to his death by stroke. (Doc. 183-2, page 12). Specifically, Dr. Peterson's Report states:

> In Jason Britt's situation, his treatment at Agape Boarding School caused symptoms that were undeniably consistent with severe anxiety disorder, depression (suicidal ideation; attempt), posttraumatic stress disorder, sleep disorder, and high risk for suicide attempts. He was brutally raped, raising the likelihood that he would suffer severe psychiatric consequences.
>
> …
>
> That resulted in severe psychosexual trauma with directly consequent maladaptive attempts to recover from that trauma. Jason's symptoms manifested as symptoms of childhood sexual abuse and posttraumatic stress disorder. In his attempt to prevent perceived future attacks similar to those at Agape Boarding School, he bulked up with anabolic steroids that ultimately led to his death by stroke.
>
> …
>
> These opinions are offered with a reasonable degree of medical certainty. An addendum is expected once Jason's St. Luke's Alphonsus records are received. It is expected that the Luke's Alphonsus information will illustrate the bodily consequences of Jason's suicide attempt as well as the deleterious effects of his trauma-related steroid use.

(Doc. 183-2, pages 12-13). Here, Plaintiff has elicited expert testimony that but-for Defendant Agape's conduct, Jason Britt would not have developed symptoms consistent with childhood sexual abuse, posttraumatic stress disorder and would have the need to bulk up with anabolic steroids that would ultimately lead to his death.[3] As there exists a genuine issue of material fact, the Court finds Defendant Agape's Motion for Summary Judgment based on but-for causation is not proper.[4] For the reasons stated, Defendant Agape's Motion for Summary Judgment based on a lack of but-for causation is **DENIED**.

---

[3] Nowhere does Plaintiff's expert say that but for the abuse at Agape, Jason Britt would not have died from a stroke. However, Plaintiff's expert supports that, absent the alleged abuse, Jason would not have been so motivated to steroid use and the steroid use contributed to cause the stroke.

[4] The causal link about what allegedly occurred at Agape to Jason Britt sometime in 2009 to 2010 compared to Jason's fatal stoke in February of 2022 is extremely thin and may prove legally insufficient. However, the Court will grant

## B. Proximate Causation

In Missouri, the question of proximate cause is for the jury unless the evidence reveals an intervening cause that "eclipses the defendant's role in the plaintiff's injury." *Coin Acceptors, Inc. v. Haverstock, Garrett & Roberts LLP*, 405 S.W.3d 19, 24 (Mo. App. 2013). *See also Seeley v. Hutchinson*, 315 S.W.3d 821, 825-26 (Mo. 1958) (defining intervening cause as "a new and independent force which so interrupts the chain of events as to become the responsible, direct, proximate and immediate cause of the injury"). Proximate cause "includes a sprinkling of foreseeability," but "Missouri, like many other states, has not applied a pure foreseeability test." *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 863 S.W.3d 852, 865 (Mo. banc 1993). In addition to foreseeability, proximate cause analysis considers intervening causes: "[w]hen two or more persons commit successive acts of negligence, the first person's negligence is not the proximate cause of the injury when there is an 'efficient, intervening cause.'" *Brown v. Davis*, 813 F.3d 1130, 1138 (8th Cir. 2016) (quoting *Krause v. U.S. Truck Co.*, 787 S.W.3d 708, 710 (Mo. banc 1990). *See also Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 553, 114 S.Ct. 2396, 129 L.Ed.2d 427 (1994) ("If one takes a broad enough view, all consequences of a negligent act, no matter how removed in time or space, may be foreseen."). "Many opinions place great emphasis on foreseeability … in determining proximate cause," "courts show great reluctance to hold a defendant liable if the chain of causation includes a series of events, subsequent to the initial act or omission, over which the defendant has absolutely no control." *Finocchio v. Mahler*, 37 S.W.3d 300, 303 (Mo. App. 2000).

---

Plaintiff the opportunity to present the proof of causation during the jury trial. If after hearing the evidence the Court determines there is insufficient evidence to causally tie the alleged actions of Agape Boarding School in 2010 to Jason's death in early 2022 the Court will enter the appropriate Order dismissing the claim.

7

The Court finds there is a genuine issue of material fact and thus summary judgment is not proper as it relates to proximate cause. Plaintiff attended Agape from 2009-2010 for a period of approximately four months. (Statement of Uncontroverted Material Facts "SOF" ¶ 5). During this time Dr. Peterson asserts that Jason Britt:

> developed severe psychosexual trauma with directly consequent maladaptive attempts to recover from that trauma. Jason's symptoms manifested as symptoms of childhood sexual abuse and posttraumatic stress disorder. In his attempt to prevent perceived future attacks similar to those at Agape Boarding School, he bulked up with anabolic steroids that ultimately led to his death by stroke.

(Doc. 183-2, page 12). Plaintiff died in February 2022, approximately 12 years after his time at Agape. (SOF ¶ 15). Plaintiff attributes Jason Britt's reliance on anabolic steroids to a defense mechanism to prevent further abuse. However, the record shows potential other trauma that may pose as intervening causes to Plaintiff's use of steroids and ultimately his death. The medical record from St. Luke's dated August 22, 2021, provides other material fact that could indicate an intervene cause. The medial report states:

> [Patient] provided more clarification into his recent suicide attempt. [Patient] states "everything was fine with my parents before my sister came back"; [Patient] states he has had problems with his sister for many years and they do not get along. [Patient] states his siter was the primary reason for his previous suicide attempt in 2018; [patient] declined to provide details. [Patient] states that prior to admission his siter stole his medications; he states he confronted her about this. He states that after confronting her multiple boxed of his dialysis supplies were missing from the garage. [Patient] states "I think she either hid the supplies or destroyed them in retaliation; she's done it before". He states he confronted his father about this and states his father defended his sister. [Patient] states he threatened to call the police, states his father told them he would say the boxes were never there in the first place. [Patient] states "I think I did this to get my fathers attention. I wanted to see how far he would go to defend her ([patient]'s sister)". [Patient] states that night he told his father he was going to take a bath, [patient] states "He knows I can't take a bath because of my catheter, he should have known something was up". [Patient] also states "He saw me bring razors and knives into th[e] bathroom and didn't say anything". [Patient] states he started making "smaller" cut on his wrist with the razors. He states "I was in there for a few hours before my dad came to check on me". [Patient] states his father knocked on the bathroom door three times, [patient] did not answer. [Patient] states he heard his father say "thank god" when he did not answer. [Patient] states "My dad wanted me to die that night". [Patient] states after

that he cut deeper. Patient states he woke up in the tub a few hours later and texted
his mother.

(Doc. 183-5, page 4). This excerpt shows that Jason Britt's anabolic steroid use may have started

after the alleged abuses at Agape, there may have been other trauma or intervening causes that

fueled his anabolic steroid use, and other issues, which could have caused or contributed to his

death. As there are genuine issues of material fact, the Court finds that entry of summary judgment

on this issue would be improper. For the reasons stated, Defendant Agape's Motion for Summary

Judgment based on a lack of proximate cause is **DENIED**.[5]

## II.     Mo. Rev. Stat. § 537.046

Defendant Agape argues that Missouri's childhood-sexual-abuse statue creates a cause of

action against the perpetrator, not a non-perpetrator entity. Defendant Agape asserts that Plaintiff's

Count Two - Childhood Sexual Abuse Against Defendant Agape cannot proceed as a matter of

law. Plaintiff argues that causes of action for childhood sexual abuse against organizations such as

Agape are viable under the general tort statute of the state and thus Plaintiff's Count Two -

Childhood Sexual Abuse Against Defendant Agape may proceed as a matter of law.

Mo. Rev. Stat. § 537.046 governs childhood sexual abuse, injury or illness and when action

for damages may be brought. It defines childhood sexual abuse as "any act committed by the

defendant against the plaintiff which act occurred when the plaintiff was under the age of eighteen

years" said act would have been a violation of certain Missouri statutes.  Mo. Rev. Stat. §

537.046.1(1). The Missouri Supreme Court has held that this statute "requires the defendant to

---

[5] The Court will reiterate that in a wrongful death claim the Plaintiff may only recover for the statutorily authorized damages which she can demonstrate she suffered resulting from the death of Jason Britt. The Court has barred Plaintiff from recovering any damages that Jason may have suffered as, prior to his death, the statute of limitations expired on the claims Jason could have pursued against Defendants. (Doc. 159, pages 4-5).

have committed the act to be culpable under the statue. A corporation or association cannot itself commit the criminal acts that constitute childhood sexual abuse. It must act through its agents." *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 327 (Mo. 2016). The Missouri Supreme Court further held that § 537.046 does not contain any basis to impose liability for acts committed by others. *Id*. The Eighth Circuit Court of Appeals also rejected a similar claim against a non-perpetrator principal for childhood sexual abuse by a teacher, stating "[a] non-perpetrator defendant could not cause injury or illness by 'childhood sexual abuse,' as that term is defined, because such a defendant necessarily has not committed one of the enumerated acts." *Walker v. Barrett*, 650 F.3d 1198, 1209 (8th Cir. 2001).

Here, the Court agrees with Defendant Agape that Mo. Rev. Stat. § 537.046 cannot support Plaintiff's claim, as Defendant Agape was a non-perpetrator defendant. However, Plaintiff argues that her claim can be brought against Defendant Agape through Missouri's general tort statute. Mo. Rev. Stat. § 516.100 governs the period of limitation for personal actions. It states:

> Civil actions, other than those for the recovery of real property, can only be commenced within the periods prescribed in the following sections, after the causes of action shall have accrued; provided, that for the purposes of sections 516.100 to 516.370, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting there from is sustained and is capable of ascertainment, and, if more than one item of damage, then the last item, so that all resulting damage may be recovered, and full and complete relief may be obtained.

Mo. Rev. Stat. § 516.100. Under this statute, Plaintiff's claim would fall under Mo. Rev. Stat. § 516.120 which gave Jason Britt five years to bring his claim for an action "for taking, detaining or injuring any goods or chattels, including actions for the recovery of specific personal property, or for any other injury to the person or rights of another, not arising on contract and not herein otherwise numerated[.]" However, if the cause of action accrues before the plaintiff reaches the

age of 21, the statute of limitations is automatically tolled until the plaintiff turns 21. Mo. Rev. Stat. § 516.170.

To the extent Plaintiff is attempting to bring her claims under Missouri's general tort statutes they fail as a matter of law. As discussed above, Jason Britt had five years after turning 21 to bring a claim against Defendant Agape to pursue his rights under this count. Jason Britt turned 21 on November 2, 2013, and thus would have had to initiate his claim on or before November 2, 2018. Jason Britt failed to do so, and his claim was thus barred under the statute of limitations. Further, Mo. Rev. Stat. § 537.080 governs an action for wrongful death and states in relevant part:

> Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance *which, if death had not ensued, would have entitled such person to recover damages in respect thereof*, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person insured, which damages may be sued for[.]

(Emphasis added). Jason Britt's claim on childhood sexual abuse is barred by the statute of limitations and thus, had death not ensued, would not have been entitled to recover damages. Whether it is based upon Missouri's general tort statute or wrongful death statute, viewing the evidence in the light most favorable to Plaintiff, there are no genuine issues of material fact and Defendant Agape is entitled to judgment as a matter of law on this count. For the reasons stated, Defendant Agape's Motion for Summary Judgment as to Count Two - Childhood Sexual Abuse Defendant Agape is **GRANTED**.

## CONCLUSION

For the reasons stated, Defendant Agape's Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART**. Defendant Agape's Motion for Summary Judgment based on a lack of but-for causation and proximate cause are **DENIED**. Defendant Agape's Motion for

Summary Judgment as to Count Two - Childhood Sexual Abuse Defendant Agape is **GRANTED**.

Summary judgment is hereby entered in favor of Defendant Agape on Count Two - Childhood

Sexual Abuse.

**IT IS SO ORDERED.**

Date: April 30, 2026

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**

Case 6:23-cv-03316-MDH    Document 194    Filed 04/30/26    Page 12 of 12